**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION | Case No.  1:20-cv-08647 (PGG) |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | |
| All Actions | |

**THE INVESTOR GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT............................................................................................................................ 4

I.  THE INVESTOR GROUP SHOULD BE APPOINTED  LEAD PLAINTIFF FOR THE
    CLASS ........................................................................................................................... 4

    A.  The PSLRA Legal Standard for Appointing Lead Plaintiff.................................... 4

    B.  Under the PSLRA, the Investor Group Should be Appointed Lead Plaintiff......... 5

II. THE INVESTOR GROUP'S SELECTION OF LOWEY AS  LEAD COUNSEL
    SHOULD BE APPROVED ............................................................................................ 11

CONCLUSION........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .................................. 8

*Barnet v. Elan Corp.*,
236 F.R.D. 158 (S.D.N.Y. 2005) .................................................................................... 10

*Baughman v. Pall Corp.*,
250 F.R.D. 121 (E.D.N.Y. 2008) ................................................................................ 5, 7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) .................................................................................... 9

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................ 7

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .......................... 7

*Dookeran v. Xunlei Ltd.*,
No. 18-CV-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .................................. 10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................... 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)....................... 10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................................... 7, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)........................................................................................... 8

*In re Gen. Elec. Sec. Litig.*,
No. 09-1951, 2009 WL 2259502 (S.D.N.Y. July 29, 2009)............................................... 7

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) .................................................................................... 9

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................... 8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................... 11

*Lax v. First Merchants Acceptance Corp,*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug.11, 1997)..................................................... 6, 7

*Levine v. AtriCure, Inc.*,
  508 F. Supp. 2d 268 (S.D.N.Y. 2007)................................................................................ 5

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..................................................................................... 11

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
  877 F.3d 687 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 310 (2018)........................................... 11

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ......................... 7

*Olsen v. New York Cmty. Bancorp*,
  233 F.R.D. 101 (E.D.N.Y. 2005)................................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................... 7

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................... 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................. 7

*Quan v. Advanced Battery Techs., Inc.*,
  No. 11 Civ. 2279 (CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .................................... 9

*Topping v. Deloitte Touche Tohmatsu CPA*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015)................................................................................ 7

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................. 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)............................................................................. 11

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................. 10

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................... *passim*

**Rules**

Federal Rule of Civil Procedure 23(a) ............................................................................ 8

Armin Malakouti, Mahmood Gholami, and Daniel Mierlak (the "Investor Group"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing the Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the defendants in the above-captioned action ("Defendants") who purchased or otherwise acquired Evolus Inc. ("Evolus" or the "Company") securities between February 1, 2019 and July 6, 2020, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiffs' selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaints in the above-captioned Consolidated Action[1] allege that Evolus and certain of its officers defrauded investors in violation of the Exchange Act. Evolus investors, including the Investor Group, incurred losses following the disclosure of the alleged fraud, which caused the prices of Evolus securities to fall sharply, damaging the Investor Group and other Evolus investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Evolus securities during the Class Period,

---

[1] The Consolidated Action comprises of two actions arising from the same or substantially the same facts, which the Court consolidated on November 13, 2020 under the docket number of the lead case, 1:20-cv-08647 (PGG). *See Malakouti v. Evolus Inc. et al.,* No. 1:20-cv-08647 (S.D.N.Y.) (the "*Malakouti* Action") (ECF No. 12), pursuant to the Stipulation and Order Extending Time to Answer, Move or Otherwise Respond to the Complaints, filed with the Court on November 12, 2020 (ECF No. 11).

1

the Investor Group incurred losses of approximately $55,653.07.  *See* Declaration of Christian Levis in Support of Motion ("Levis Decl."), Ex. A.  Accordingly, the Investor Group believes that they have the largest financial interest in the relief sought in this Consolidated Action.

Beyond their considerable financial interest, the Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute the Consolidated Action on behalf of the Class, the Investor Group has selected Lowey as Co-Lead Counsel for the Class.  Lowey is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in Lowey's resume.

Accordingly, the Investor Group respectfully requests that the Court enter an order appointing it as Lead Plaintiff for the Class and approving its selection of Lowey as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint of the *Malakouti* Action, ECF No. 1 ("Complaint"), Evolus is a Delaware corporation headquartered in Newport Beach, California.  Complaint at ¶ 2.  Evolus operates as a medical aesthetics company, and develops, produces, and markets clinical neurotoxins for the treatment of aesthetic concerns.  *Id.* Evolus' sole product is Jeuveau™, which is a purified botulinum toxin indicated for the temporary improvement in the appearance of moderate to severe frown lines in adults.  *Id.*  As such, Evolus directly competes with Botox®, which is manufactured by Allergan plc and Allergan Inc. ("Allergan") and distributed by Medytox Inc. ("Medytox").  *Id.*

Beginning in February 2019, Evolus embarked on a public campaign to hype the market right before the commercial launch of its sole leading product Jeuveau™. *Id.* ¶ 3. To secure an aggressive growth and an rapid influx of revenue, Evolus and the Individual Defendants disseminated dozens of public statements in which they promoted Jeuveau™ as a proprietary formulation of the botulinum toxic type A complex, purportedly developed by Korean bioengineering company Daewoong through years of clinical research and millions of dollars worth of investment in research and development. *Id.* Among other things, Evolus promised investors that it would attain the number two U.S. market position within 24 months of launch. *Id.*

The investing public learned the real truth about Jeuveau™ on July 6, 2020 when the U.S. International Trade Commission ("ITC") issued its Initial Final Determination in a case brought by Allergan and Medytox against Evolus, alleging that Evolus stole certain trade secrets to develop Jeuveau™. *Id*. ¶ 5. Coming as a great surprise to the unsuspecting investors, the ITC Judge found that Evolus misappropriated the botulinum toxin strain as well as the manufacturing processes that led to its development and manufacture. *Id.* To make things even more catastrophic, the ITC Judge recommended a ten-year long ban on Evolus' ability to import Jeuveau™ into the United States and a ten-year long cease and desist order preventing Evolus from selling Jeuveau™ in the United States. *Id.*

This news caused a precipitous and immediate decline in the price of Evolus shares, which fell 37% over the course of two trading days, to close at $3.35 on July 8, 2020, on unusually high trading volume. *Id.* ¶ 6. Following the news of the ITC's Initial Final Determination and the subsequent price drop of Evolus' common shares, several securities analysts downgraded Evolus' rating and significantly lowered the Company's price target. *Id.*

3

Throughout the Class period, Defendants made materially false and misleading statements, and failed to disclose material adverse facts about the Company's business, operational, and compliance policies. Specifically, Defendants made false and/or misleading statements and failed to disclose to investors that: (i) the real source of botulinum toxin bacterial strain as well as the manufacturing processes used to develop Jeuveau™ originated with and were misappropriated from Medytox; (ii) sufficient evidentiary support existed for the allegations that Evolus misappropriated certain trade secrets relating to the botulin toxin strain and the manufacturing processes for the development of Jeuveau™; (iii) as a result, Evolus faced a real threat of regulatory and/or court action, prohibiting the import, marketing, and sale of Jeuveau™; which in turn (iv) seriously threatened Evolus' ability to commercialize Jeuveau™ in the United States and generate revenue; and (v) any revenues generated from the sale of Jeuveau™ were based on Evolus' unlawful activities, including the misappropriation of trade secrets and secret manufacturing processes belonging to Allergan and Medytox. *Id.* ¶ 4.

As a result of Evolus' wrongful acts and omissions, and the precipitous decline in the market value of Evolus' common shares, Plaintiff and other Class members have suffered significant losses and damages. *See id.* ¶ 7.

**ARGUMENT**

**I.      THE INVESTOR GROUP SHOULD BE APPOINTED
         LEAD PLAINTIFF FOR THE CLASS**

**A.      The PSLRA Legal Standard for Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely

4

circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman*, 250 F.R.D. at 125 (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Baughman,* 250 F.R.D. at 125.

**B.**     **Under the PSLRA, the Investor Group Should be Appointed Lead Plaintiff**

The Investor Group should be appointed Lead Plaintiff for the Class because, to its knowledge, it has the largest financial interest in the Consolidated Action and otherwise satisfies the requirements of Rule 23.

1.      **The Investor Group Filed a Timely Motion to be**
        **Appointed Lead Plaintiffs**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i).  On October 16, 2020, Lowey, counsel for plaintiff in the first-filed of the actions comprising the Consolidated Action — the *Malakouti* Action — caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Evolus securities that they had until December 15, 2020—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice").  *See* Levis Decl., Ex. B.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the Investor Group has timely filed the instant motion pursuant to the PSLRA Notice, and have attached sworn Certifications attesting that they are willing to serve as a representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, the Investor Group satisfies the PSLRA's procedural requirements to serve as Lead Plaintiff for the Class.

2.      **The Investor Group Has the "Largest Financial Interest" in the**
        **Consolidated Action**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Although PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp,* No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug.11, 1997) and adopted in *Olsen v. New York Cmty. Bancorp*, 233 F.R.D. 101, 106 (E.D.N.Y. 2005):

6

(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Lax*, 1997 WL 461036. In accord with other courts nationwide,[2] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004). Furthermore, courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g., Baughman,* 250 F.R.D. at 125; *In re Gen. Elec. Sec. Litig.,* No. 09-1951, 2009 WL 2259502, at *4-5 (S.D.N.Y. July 29, 2009); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015).

During the Class Period, the Investor Group: (1) purchased 6,323 shares of Evolus securities; (2) expended $80,095.47 on purchases of Evolus securities; (3) retained 5,423 of their shares of Evolus securities; and (4) incurred losses of $55,688.32 in connection with their transactions in Evolus securities. *See* Levis Decl., Ex. A. To the extent that the Investor Group possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     The Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification.

Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing

that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),

2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94

(S.D.N.Y. 2007) ("[A]t this stage of litigation, only a preliminary showing of typicality and

adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only

provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health

Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at

*3. Here, the complaints filed in the actions comprising the Consolidated Action sufficiently plead

Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class

members.

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) "is satisfied if 'each

class member's claim arises from the same course of events, and each class member makes similar

legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328

(RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert

Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not

be identical those of all members of the class. 'The typicality requirement may be satisfied even if

there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of the Investor Group are typical of those of the Class. The Investor Group alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Evolus. The Investor Group, as did all members of the Class, purchased Evolus securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Evolus' share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [ ] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Investor Group and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Additionally, the Investor Group have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Consolidated Action and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiffs. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp.,* 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups, and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Cendant Corp. Litig.*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

The Investor Group has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section II, Lowey is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Levis Decl., Ex. D. Consequently, the Investor Group is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

## II.    THE INVESTOR GROUP'S SELECTION OF LOWEY AS
LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Investor Group has selected Lowey as Co-Lead Counsel for the Class.  Lowey is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in Lowey firm resume.  *See* Levis Decl., Ex. D.  Most recently, Lowey served as Lead Counsel to represent the Lead Plaintiff the New York City Funds and the certified class in a consolidated securities fraud action against one of the nation's largest hospital systems.  *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 11-cv-0433 (M.D. Tenn.).  On December 15, 2017, the Sixth Circuit Court of Appeals unanimously reversed the district court's dismissal of the amended complaint in that action and upheld the timeliness of the claims for an expanded class period.  *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d 687 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 310 (2018).  In this important litigation, Lowey ultimately achieved a $53 million settlement, which was finally approved in all respects on June 19, 2020, concluding nearly nine years of hard-fought litigation.  United States District Judge Eli Richardson commended Lowey's efforts at the final approval hearing:

11

[C]ounsel for plaintiff has been diligent, very diligent, has worked very hard, knows the case, knows the facts, is very experienced in these sorts of securities fraud class actions, and has gone to the mat for their client for many years."

*See* Levis Decl., Ex. D at 2.

As a result of Lowey's extensive experience in securities litigation and class actions involving issues similar to those raised in the Consolidated Action, Lowey has the skills and knowledge necessary to enable the effective and expeditious prosecution of the Consolidated Action. Thus, the Court may be assured that by approving the selection of counsel by the Investor Group, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Investor Group respectfully request that the Court issue an Order: (1) appointing the Investor Group as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Lowey as Co-Lead Counsel for the Class.

Dated:  November 25, 2020                      Respectfully submitted,

                                               **LOWEY DANNENBERG, P.C.**

                                               *s/ Andrea Farah*
                                               Andrea Farah
                                               Christian Levis
                                               Frank Strangeman
                                               44 South Broadway, Suite 1100
                                               White Plains, New York 10601
                                               Telephone:  914-997-0500
                                               Facsimile:  914-997-0035
                                               Email: afarah@lowey.com
                                                      clevis@lowey.com
                                                      fstrangeman@lowey.com

                                               *Counsel for the Proposed Lead Plaintiff and the*
                                               *Proposed Lead Counsel for the Putative Class*

12