UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————————— x | | |
| In re EVOLUS INC. SECURITIES LITIGATION | : : : | Civil Action No. 1:20-cv-08647-PGG CLASS ACTION |
| ———————————————————— | : : | |
| This Document Relates To: | : : | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS |
| ALL ACTIONS. | : : : | LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF |
| ———————————————————— x | | LEAD COUNSEL |

4816-1794-7604.v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF FACTS ..........................................................................................1

III.  ARGUMENT...............................................................................................................3

     A.    Kingsgrove Is the "Most Adequate Plaintiff" and Should Be Appointed
        Lead Plaintiff ..................................................................................................3

          1.    Kingsgrove's Motion Is Timely...................................................4

          2.    Kingsgrove Has the Largest Financial Interest in the Relief Sought
            by the Class....................................................................................4

          3.    Kingsgrove Is Typical and Adequate of the Putative Class........4

     B.    The Court Should Approve Kingsgrove's Selection of Counsel ..........................6

IV.   CONCLUSION............................................................................................................8

4816-1794-7604.v1

## I.    INTRODUCTION

This consolidated action is brought on behalf of purchasers and acquirers of Evolus, Inc. ("Evolus" or the "Company") securities between February 1, 2019 and July 6, 2020, inclusive (the "Class Period"), and alleges violations of the Securities Exchange Act of 1934 ("1934 Act") against Evolus and certain of its executives.[1]  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Kingsgrove Large Cap, LP should be appointed Lead Plaintiff because it filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Kingsgrove's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the putative class should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Evolus operates as a medical aesthetics company that develops, produces, and markets clinical neurotoxins for the treatment of aesthetic concerns.  Evolus's sole product is Jeuveau™, which is a purified botulinum toxin indicated for the temporary improvement in the appearance of moderate to severe frown lines in adults.  Evolus's direct competitor in this space is Botox®, which is manufactured by Allergan plc and Allergan Inc. and distributed by Medytox Inc.  Evolus's common stock is traded on the NASDAQ under the ticker symbol EOLS.

---

[1]    On November 13, 2020, the Court consolidated *Malakouti v. Evolus, Inc.*, No. 20-cv-08647-PGG (S.D.N.Y.) (filed Oct. 16, 2020) and *Cox v. Evolus, Inc.*, No. 20-cv-09053-PGG (S.D.N.Y.) (filed Oct. 28, 2020).  *See* ECF No. 12.

4816-1794-7604.v1

The complaints allege that, to secure a rapid influx of revenue for Jeuveau™, defendants disseminated dozens of public statements in which they promoted Jeuveau™ as a proprietary formulation of the botulinum toxin type A complex, purportedly developed by Korean bioengineering company Daewoong through years of clinical research and millions of dollars' worth of investment in research and development. Among other things, defendants promised investors Jeuveau™ would attain the number two U.S. market position within twenty-four months of launch.

The complaints allege that throughout the Class Period, defendants failed to disclose that: (i) the real source of Evolus's botulinum toxin bacterial strain, as well as the manufacturing processes used to develop Jeuveau™, originated with Medytox and were misappropriated therefrom; (ii) sufficient evidence supported the allegation that Evolus misappropriated certain trade secrets relating to the botulinum toxin strain and the manufacturing processes for the development of Jeuveau™; (iii) any revenues generated from the sale of Jeuveau™ were based on Evolus's unlawful activities, including the misappropriation of trade secrets and secret manufacturing processes belonging to Allergan and Medytox; and (iv) as a result of the foregoing, Evolus faced a real threat of regulatory and/or court action, threatening Evolus's ability to commercialize Jeuveau™ in the United States and generate revenue.

On July 6, 2020, the U.S. International Trade Commission ("ITC") issued its Initial Final Determination in a case brought by Allergan and Medytox against Evolus alleging that Evolus stole certain trade secrets to develop Jeuveau™. The ITC found that Evolus had misappropriated the botulinum toxin strain, as well as the manufacturing processes that led to its development and manufacture, and recommended a 10-year ban on Evolus's ability to import Jeuveau™ into the United States and a cease-and-desist order preventing Evolus from selling Jeuveau™ in the United

- 2 -

4816-1794-7604.v1

States for 10 years. On this news, the price of Evolus common stock suffered a two-session decline of more than 35%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Kingsgrove and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Kingsgrove Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on October 16, 2020. *See* ECF No. 21-1.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 3 -

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Lucas v. United States Oil Fund, LP*, 2020 WL 5549719, at *2 (S.D.N.Y. Sept. 16, 2020). Kingsgrove meets these requirements and should be appointed Lead Plaintiff.

### 1.    Kingsgrove's Motion Is Timely

The October 16, 2020, statutory notice advised putative class members of the pendency of the first-filed *Malakouti* action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by December 15, 2020. *See* ECF No. 21-1; 15 U.S.C. §78u-4(a)(3)(A). In addition, this Court held that "[a]ll lead plaintiff motions filed by December 15, 2020 will be considered timely." ECF No. 22. Because this motion is being timely filed by the deadline set forth in the PSLRA and in the Court's December 9, 2020 Order, Kingsgrove is eligible for appointment as lead plaintiff.

### 2.    Kingsgrove Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, Kingsgrove purchased 22,000 shares of Evolus common stock during the Class Period, and suffered over $110,837 in losses. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Exs. A, B. To the best of its counsel's knowledge, there are no other plaintiffs or movants with a larger financial interest. *See* ECF Nos. 16-1 (group of two unrelated individuals claiming a combined loss of $16,037); 20-1 (group of three unrelated individuals claiming a combined loss of $55,688). Therefore, Kingsgrove meets the PSLRA's prerequisite of having the largest financial interest.

### 3.    Kingsgrove Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the

- 4 -

litigation, courts focus on the typicality and adequacy requirements.  *Lucas*, 2020 WL 5549719, at *6.  "'Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'"  *Id*. (citation omitted).  The adequacy requirement of Rule 23 is satisfied if a movant demonstrates that "'(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'"  *Id*. (citation omitted).

Kingsgrove satisfies the typicality requirement because, just like all other class members, it purchased Evolus securities during the Class Period and suffered damages resulting from defendants' alleged wrongdoing.  In addition, Kingsgrove is an adequate representative of the class because its interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Kingsgrove's interests and the class's interests.  As the only class member that moved the Court to modify its November 13, 2020 Order and sought the Court's permission to file its lead plaintiff motion by the statutory deadline (*see* ECF No. 21), Kingsgrove has demonstrated that it possesses the requisite interest in this litigation to ensure vigorous advocacy on behalf of the class.  Moreover, Kingsgrove has submitted a Declaration which affirms its willingness to assume the responsibilities of a lead plaintiff, and enables the Court and absent class members to independently assess Kingsgrove ability to satisfy the Rule 23 prerequisites.  *See* Rosenfeld Decl., Ex. C.  Finally, as explained below, Kingsgrove has selected experienced and qualified counsel, further evidencing its ability to fairly and competently represent the interests of the putative class.

- 5 -

Because Kingsgrove filed a timely motion, has a sizable financial interest in the relief sought by the class and has demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

###   B.    The Court Should Approve Kingsgrove's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v); *see also Lucas*, 2020 WL 3127808, at *7.  Here, Kingsgrove has selected Robbins Geller to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues.[2]  Courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Lucas*, 2020 WL 5549719, at *7 ("This Court has previously described Robbins Geller as "'competent and experienced counsel'" in the securities class action area. . . .  The Court concludes that Robbins Geller is qualified to serve as lead counsel in this matter . . . ."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4816-1794-7604.v1

lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in the first half of 2020 alone, Robbins Geller recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925

4816-1794-7604.v1

Thus, the Court can be assured that by approving Kingsgrove's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.   CONCLUSION

Kingsgrove has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Kingsgrove respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  December 15. 2020                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                    *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

---

million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4816-1794-7604.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

ROBBINS LLP
GREGORY E. DEL GAIZO
5040 Shoreham Place
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
gdelgaizo@robbinsllp.com

Additional Counsel for [Proposed] Lead Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 15, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4816-1794-7604.v1

# Mailing Information for a Case 1:20-cv-08647-PGG In re Evolus Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Benjamin Andrew Bednark**
  abednark@omm.com,BWegrzyn@OMM.com,b-andrew-bednark-9179@ecf.pacerpro.com

- **Andrea Farah**
  afarah@lowey.com,8091312420@filings.docketbird.com,rgupta@lowey.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Christian Levis**
  clevis@lowey.com,9356429420@filings.docketbird.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com,jonathan-rosenberg-8101@ecf.pacerpro.com,dcalhoun@omm.com

- **Frank Strangeman**
  fstrangeman@lowey.com,5022994420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)