UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION | Case No.  1:20-cv-08647-PGG<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PETER DIAFERIA AND MITCHELL SISUN FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

I.      DIAFERIA AND SISUN SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ........... 5

        A.      Diaferia and Sisun Are Willing to Serve as a Class Representatives ..................... 6

        B.      Diaferia and Sisun Have the "Largest Financial Interest" in the Consolidated
                Action ................................................................................................................ 7

        C.      Diaferia and Sisun Otherwise Satisfy the Requirements of Rule 23 ...................... 8

II.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ... 11

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)...............................................................................8

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) .............................................................................................10

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (2d Cir. 1992) ..................................................................................................9

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................................................................7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................................................................10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................10

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................................................................10, 11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................7, 10

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...........................................................................7, 12

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)......................................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ...............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................7

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
2008 WL 2811358 (S.D.N.Y. July 7, 2008) .............................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................8

ii

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................9

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) .............................................................................11

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ................................................................7

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...............................11

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)............................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................11

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ...........................................................11

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................10

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

## Rules

Fed. R. Civ. P. 23.............................................................................................................2, 5, 8, 9

Peter Diaferia ("Diaferia") and Mitchell Sisun ("Sisun") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Diaferia and Sisun as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities other than the defendants in the above-captioned consolidated action[1] ("Defendants") that purchased or otherwise acquired Evolus securities between February 1, 2019 and July 6, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the actions comprising the Consolidated Action allege that Defendants defrauded investors in violation of the Exchange Act. Evolus investors, including Diaferia and

---

[1] On October 16, 2020, the plaintiff in the first-filed of the actions comprising the above-captioned consolidated action, styled *Malakouti v. Evolus, Inc. et al.*, No. 1:20-cv-08647 (S.D.N.Y.) ("*Malakouti* Action"), filed a class action complaint against defendants Evolus, Inc. ("Evolus" or the "Company"), David Moatazedi, Lauren Silvernail, and Rui Avelar, alleging that they violated Sections 10(b) and 20(a) of the Exchange Act. *See generally Malakouti* Action, Dkt. No. 1 ("*Malakouti* Complaint"). Then, on October 28, 2020, the plaintiff in the second-filed of the actions comprising the above-captioned consolidated action, styled *Cox v. Evolus, Inc. et al.*, No. 1:20-cv-09053 (S.D.N.Y.) ("*Cox* Action"), filed a class action complaint alleging substantively the same claims against the same defendants named in the *Malakouti* Complaint. *See generally Cox* Action, Dkt. No. 1 (alleging violations of Section 10(b) and 20(a) of the Exchange Act against Evolus, David Moatazedi, Lauren Silvernail, and Rui Avelar). Thereafter, on November 13, 2020, the Court entered an Order, *inter alia*, consolidating the *Malakouti* Action and *Cox* Action for all purposes under the docket number of the lead case, No. 1:20-cv-08647-PGG, and bearing the caption *In re Evolus Inc. Securities Litigation* ("Consolidated Action"), and ordering that all applications to serve as Lead Plaintiff/Lead Counsel be filed by November 26, 2020. *See* Consolidated Action, Dkt. No. 12 ("Consolidation Order"). Finally, on December 9, 2020, the Court entered an Order, *inter alia*, modifying the Consolidation Order and ordering that all applications to serve as Lead Plaintiff/Lead Counsel be filed by December 15, 2020. *See* Consolidated Action, Dkt. No. 22.

Sisun, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Evolus' stock price to fall sharply, damaging Diaferia, Sisun, and other Evolus investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiffs the movant or group of movants that possess the largest financial interest in the outcome of the action and that satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   In connection with their purchases of Evolus securities during the Class Period, Diaferia and Sisun incurred losses of approximately $652,565 calculated on a first-in, first out ("FIFO") basis or $626,306 calculated on a last-in, first out ("LIFO") basis.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Diaferia and Sisun believe that they have the largest financial interest in the relief sought in the Consolidated Action.

Beyond their considerable financial interest, Diaferia and Sisun also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Consolidated Action on behalf of the Class, Diaferia and Sisun have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Diaferia and Sisun respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

2

**STATEMENT OF FACTS**

Evolus is a Delaware corporation headquartered in Newport Beach, California. *Malakouti* Complaint ¶ 2.  The Company operates as a medical aesthetics company, and develops, produces, and markets clinical neurotoxins for the treatment of aesthetic concerns. *Id.* Evolus' sole product is Jeuveau™, which is a purified botulinum toxin indicated for the temporary improvement in the appearance of moderate to severe frown lines in adults. *Id.*  As such, Evolus directly competes with Botox®, which is manufactured by Allergan plc and Allergan Inc. ("Allergan") and distributed by Medytox Inc. ("Medytox"). *Id.*  Botox® has been the gold standard of the industry since its approval by the United States ("U.S.") Food and Drug Administration more than two decades ago. *Id.*

Beginning in February 2019, Evolus embarked on a public campaign to hype the market right before the commercial launch of its sole leading product Jeuveau™. *Id.* ¶ 3.  To secure an aggressive growth and a rapid influx of revenue, Defendants disseminated dozens of public statements in which they promoted Jeuveau™ as a proprietary formulation of the botulinum toxic type A complex, purportedly developed by Korean bioengineering company Daewoong through years of clinical research and millions of dollars worth of investment in research and development. *Id.*  Among other things, Evolus promised investors that it would attain the number two U.S. market position within 24 months of launch. *Id.*

Throughout the Class period, Defendants made materially false and misleading statements, and failed to disclose material adverse facts about the Company's business, operational, and compliance policies. *Id.* ¶ 4.  Specifically, Defendants made false and/or misleading statements and failed to disclose to investors that: (i) the real source of botulinum toxin bacterial strain as well as the manufacturing processes used to develop Jeuveau™

originated with and were misappropriated from Medytox; (ii) sufficient evidentiary support existed for the allegations that Evolus misappropriated certain trade secrets relating to the botulin toxin strain and the manufacturing processes for the development of Jeuveau™; (iii) as a result, Evolus faced a real threat of regulatory and/or court action, prohibiting the import, marketing, and sale of Jeuveau™; which in turn (iv) seriously threatened Evolus' ability to commercialize Jeuveau™ in the U.S. and generate revenue; and (v) any revenues generated from the sale of Jeuveau™ were based on Evolus' unlawful activities, including the misappropriation of trade secrets and secret manufacturing processes belonging to Allergan and Medytox.  *Id.*

The investing public learned the real truth about Jeuveau™ on July 6, 2020 when the U.S. International Trade Commission ("ITC") issued its Initial Final Determination in a case brought by Allergan and Medytox against Evolus, alleging that Evolus stole certain trade secrets to develop Jeuveau™.  *Id.* ¶ 5.  Coming as a great surprise to the unsuspecting investors, the ITC Judge found that Evolus misappropriated the botulinum toxin strain as well as the manufacturing processes that led to its development and manufacture.  *Id.*  To make things even more catastrophic, the ITC Judge recommended a ten-year long ban on Evolus' ability to import Jeuveau™ into the U.S. and a ten-year long cease and desist order preventing Evolus from selling Jeuveau™ in the U.S.  *Id.*

This news caused a precipitous and immediate decline in the price of Evolus shares, which fell 37% over the course of two trading days, to close at $3.35 on July 8, 2020, on unusually high trading volume.  *Id.* ¶ 6.  Following the news of the ITC's Initial Final Determination and the subsequent price drop of Evolus' common shares, several securities analysts downgraded Evolus' rating and significantly lowered the Company's price target.  *Id.*

4

As a result of Evolus' wrongful acts and omissions, and the precipitous decline in the market value of Evolus' common shares, the plaintiffs in the Consolidated Action and other Class members have suffered significant losses and damages. *See id.* ¶ 7.

## ARGUMENT

### I.    DIAFERIA AND SISUN SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Diaferia and Sisun should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Consolidated Action and otherwise satisfy the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiffs filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

5

As set forth below, Diaferia and Sisun satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### A.    Diaferia and Sisun Are Willing to Serve as a Class Representatives

On October 16, 2020, counsel for plaintiff in the *Malakouti* Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities fraud class action had been filed against Defendants, and which advised investors in Evolus securities that they had until December 15, 2020—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B. Thereafter, on November 13, 2020, the Court entered the Consolidation Order, which, *inter alia*, ordered that all applications to serve as Lead Plaintiff/Lead Counsel be filed by November 26, 2020. *See* Consolidated Action, Dkt. No. 12. Finally, on December 9, 2020, the Court entered an Order, *inter alia*, modifying the Consolidation Order and ordering that all applications to serve as Lead Plaintiff/Lead Counsel be filed by December 15, 2020, restoring the 60-day deadline as contemplated by the PSLRA. *See* Consolidated Action, Dkt. No. 22.

Diaferia and Sisun have filed the instant motion pursuant to the Court's December 9, 2020 Order, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Diaferia and Sisun satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

**B.      Diaferia and Sisun Have the "Largest Financial Interest" in the Consolidated Action**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Diaferia and Sisun have the largest financial interest of any Evolus investor or investor group seeking to serve as Lead Plaintiffs.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Diaferia and Sisun collectively: (1) purchased 45,050 shares of Evolus securities; (2) expended $1,089,024 on their purchases of Evolus securities; (3) retained 36,050 of their shares of Evolus securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $652,565 calculated on a FIFO basis or $626,306 calculated on a LIFO basis, in connection with their Class Period purchases of Evolus securities.  *See* Lieberman

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

Decl., Ex. A.  To the extent that Diaferia and Sisun possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Diaferia and Sisun Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.")  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the complaints in the Consolidated Action sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Diaferia and Sisun.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The claims of Diaferia and Sisun are typical of those of the Class.  Diaferia and Sisun allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Evolus.  Diaferia and Sisun, as did all Class members, purchased Evolus securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Evolus' share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

9

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Diaferia and Sisun have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Consolidated Action, and submit their choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the interests of Diaferia and Sisun and the interests of the Class.  Moreover, Diaferia and Sisun have submitted signed Certifications declaring their commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Diaferia and Sisun demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Moreover, Diaferia and Sisun constitute an appropriate group of the type routinely appointed to serve as Lead Plaintiffs.  *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.,* No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

Further demonstrating their adequacy, Diaferia and Sisun have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their

understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that they are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-*9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

## II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

11

Here, Diaferia and Sisun have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).

As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in this Consolidated Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Consolidated Action. Thus, the Court may be assured that by approving the selection of counsel by Diaferia and Sisun, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Diaferia and Sisun respectfully request that the Court issue an Order: (1) appointing Diaferia and Sisun as Co-Lead Plaintiffs for the Class; and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz as Lead Counsel for the Class.

Dated:  December 15, 2020                     Respectfully submitted,

12

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Peter Diaferia and Mitchell Sisun and
Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Peter Diaferia and Mitchell
Sisun*

13