**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION, | : : : : : : : : : | Civil Action No. 1:20-cv-08647 (PGG)  CLASS ACTION |


**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**OF JOSH THRAILKILL FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Movant Josh Thrailkill ("Movant") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Movant as Lead Plaintiff on behalf of all persons or entities (the "Class") who purchased or otherwise acquired the securities of Evolus, Inc. ("Evolus" or the "Company") from February 1, 2019 through July 6, 2020, both dates inclusive (the "Class Period"); and (2) approving Movant's selection of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel for the putative Class.

## I. PRELIMINARY STATEMENT

Currently pending before this Court is the Consolidated Action alleging defendants Evolus, David Moatazedi, Rui Avelar and Lauren Silvernail (herein, "Defendants") violated §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5, promulgated thereunder by the United States Securities Exchange Commission.[1] Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the PSLRA creates a presumption that the most adequate plaintiff is the person who "has the largest financial interest" and "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

---

[1] On October 16, 2020, the plaintiff in the first-filed of the actions comprising the above-captioned consolidated action, *Malakouti v. Evolus, Inc. et al.,* No. 1:20-cv-08647 (S.D.N.Y.) ("*Malakouti* Action"), filed a class action complaint against defendants Evolus, Inc., David Moatazedi, Lauren Silvernail, and Rui Avelar, alleging violations of Sections 10(b) and 20(a) of the Exchange Act. *See generally Malakouti* Action, ECF No. 1 ("*Malakouti* Complaint"). Then, on October 28, 2020, the plaintiff in the second-filed of the actions comprising the above-captioned consolidated action, *Cox v. Evolus, Inc. et al.,* No. 1:20-cv-09053 (S.D.N.Y.) ("*Cox* Action"), filed a complaint alleging substantively the same claims against the same defendants. *See generally Cox* Action, ECF No. 1. Thereafter, on November 13, 2020, the Court entered an Order (the "Consolidation Order"), *inter alia*, consolidating the *Malakouti* Action and *Cox* Action for all purposes under the docket number of the lead case, No. 1:20-cv-08647-PGG, and bearing the caption *In re Evolus Inc. Securities Litigation* ("Consolidated Action").

Movant believes he has the largest financial interest in the outcome of this litigation because, during the Class Period, he lost approximately $267,419.11 due to the alleged fraud.[2] *See* Declaration of Constantine P. Economides ("Economides Decl."), Exs. A-B. Moreover, Movant satisfies the Rule 23 requirements because his claims are typical of the Class's claims, and he will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, Movant's selection of RCF to serve as Lead Counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff; and (2) approve RCF as Lead Counsel.

## II.      STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should:

1.      Appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.      Approve Movant's selection of RCF as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.     FACTUAL BACKGROUND

Evolus is a Delaware corporation headquartered in Newport Beach, California. *Malakouti* Complaint ¶ 2. The Company operates as a medical aesthetics company and develops, produces, and markets clinical neurotoxins for the treatment of aesthetic concerns. *Id.* Evolus' sole product is Jeuveau™, which is a purified botulinum toxin indicated for the temporary improvement in the appearance of moderate to severe frown lines in adults. *Id.* As such, Evolus directly competes with

---

[2] On November 25, 2020, movants Armin Malakouti, Mahmood Gholami, and Daniel Mierlak (the "Investor Group"), filed a motion for appointment as Co-Lead Plaintiffs, claiming a collective loss of approximately $55,653.07. *See* ECF No. 19. Movants Brian Blanchette and Michael Getz also filed a motion but withdrew it on December 15, 2020. ECF Nos. 13, 23.

Botox®, which is manufactured by Allergan plc and Allergan Inc. ("Allergan") and distributed by Medytox Inc. ("Medytox"). *Id.* Botox® has been the gold standard of the industry since its approval by the United States Food and Drug Administration more than two decades ago. *Id.*

Beginning in February 2019, Evolus embarked on a public campaign to hype the market right before the commercial launch of its sole leading product Jeuveau™. *Id.* ¶ 3. To secure aggressive growth and a rapid influx of revenue, Defendants disseminated dozens of public statements in which they promoted Jeuveau™ as a proprietary formulation of the botulinum toxic type A complex, purportedly developed by Korean bioengineering company, Daewoong, through years of clinical research and millions of dollars' worth of investment in research and development. *Id.* Among other things, Evolus promised investors that it would attain the number two U.S. market position within 24 months of launch. *Id.*

Throughout the Class period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business, operational, and compliance policies. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and failed to disclose to investors that: (i) the real source of botulinum toxin bacterial strain as well as the manufacturing processes used to develop Jeuveau™ originated with and were misappropriated from Medytox; (ii) sufficient evidentiary support existed for the allegations that Evolus misappropriated certain trade secrets relating to the botulin toxin strain and the manufacturing processes for the development of Jeuveau™. Defendants further misrepresented that, as a result of those facts: (iii) Evolus faced a real threat of regulatory and/or court action, prohibiting the import, marketing, and sale of Jeuveau™; (iv) the prospect of such action seriously threatened Evolus' ability to commercialize Jeuveau™ in the U.S. and generate revenue; and (v) any revenues generated from the sale of Jeuveau™ were based on Evolus' unlawful activities, including the

misappropriation of trade secrets and secret manufacturing processes belonging to Allergan and Medytox. *Id.*

On July 6, 2020, the real truth about Jeuveau™ was revealed when the U.S. International Trade Commission ("ITC") issued its Initial Final Determination in a case in which Allergan and Medytox alleged that Evolus stole trade secrets to develop Jeuveau™. *Id.* ¶ 5. The ITC Judge found that Evolus misappropriated the botulinum toxin strain as well as the manufacturing processes that led to its development and manufacture. *Id.* The ITC Judge also recommended a ten-year long ban on Evolus' ability to import Jeuveau™ into the U.S. and a ten-year long cease and desist order preventing Evolus from selling Jeuveau™ in the U.S. *Id.*

On this news, Evolus share price fell 37% over the course of two trading days, to close at $3.35 on July 8, 2020, on unusually high trading volume. *Id.* ¶ 6. Following the news of the ITC's Initial Final Determination and the subsequent price drop of Evolus' common shares, several securities analysts downgraded Evolus' rating and significantly lowered the Company's price target. *Id.* As a result of Evolus' wrongful acts and omissions, and the precipitous decline in the market value of Evolus' common shares, the plaintiffs in the Consolidated Action and other Class members have suffered significant losses and damages. *See id.* ¶ 7.

IV. **ARGUMENT**

A. **The Court should appoint Movant as Lead Plaintiff.**

Pursuant to the PSLRA, within 20 days of filing, the named plaintiff must publish a notice in a widely circulated national business publication or wire service informing potential class members of the pendency of the action and advising them of their right to move for lead plaintiff in 60 days. *See* 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days

4

of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" who:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the PSLRA's procedural prerequisites and possesses, to the best of his knowledge, the largest financial interest of any other class member seeking appointment as Lead Plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Thus, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class. He also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed Lead Plaintiff in the Consolidated Action.

### i. Movant filed a timely motion.

Pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, on October 16, 2020, counsel for plaintiff in the *Malakouti* Action published the required notice through *Globe Newswire*, a widely circulated national business-oriented wire service, which announced that a securities fraud class action had been filed against Defendants and advised investors in Evolus that they had until

December 15, 2020, *i.e.*, 60 days from the date of the PSLRA notice, to file a motion to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Economides Decl., Ex. E.

Thereafter, on November 13, 2020, the Court entered the Consolidation Order, which, *inter alia*, ordered that all applications to serve as Lead Plaintiff/Lead Counsel be filed by November 26, 2020. *See* ECF No. 12. Subsequently, on December 7, 2020, counsel for an interested Evolus investor wrote a letter to the Court seeking modification of the Consolidation Order, requesting the Court hold appointment of a lead plaintiff until the statutory deadline for filing lead plaintiff motions had expired. *See* ECF No. 21. On December 9, 2020, this Court endorsed the letter, accepting that all lead plaintiff motions filed by December 15, 2020, will be considered timely. *See* ECF No. 22. Therefore, Movant has timely filed his motion.

  **ii. Movant has the largest financial interest in the relief sought by the Class.**

As discussed above, the movant with the largest financial interest in this Consolidated Action, and who meets Rule 23's adequacy and typicality requirements, is presumptively the lead plaintiff. *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at \*2 (S.D.N.Y. Mar. 7, 2016). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and should therefore be appointed lead plaintiff. *See* Economides Decl., Exs. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Hom*, 2016 WL 880201, at \*3 (quoting *In re CMED Sec. Litig.,* No. 11-cv-9297 (KBF), 2012 WL 1118302, at \*3 (S.D.N.Y. Apr. 2, 2012)). The approximate losses suffered is considered the most important factor. *Id.*

During the Class Period, Movants purchased 107,207 Evolus shares, and as a result of

Defendants' materially false and misleading statements, suffered substantial losses of approximately \$267,419.11. Movant, therefore, has a significant financial interest in the outcome of this case. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff who has a larger financial interest and also satisfies Rule 23.

### iii. Movant satisfies the Rule 23 requirements of typicality and adequacy.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four prerequisites be satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Hom*, 2016 WL 880201, at *6 (quoting *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008)). As detailed below, Movant satisfies both the typicality and adequacy requirements.

### (a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the Class. The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom*, 2016 WL 880201, at *6 (quoting *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011)).

Movant's claims are typical of, if not identical to, the claims of other members of the

putative Class. *See id*. Movant, like the other members of the Class, acquired Evolus securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and his losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### (b) Movant is an adequate representative for the Class.

Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." The requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Hom*, 2016 WL 880201, at \*6 (quoting *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Movant has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. *See* Economides Decl., Exs. A-D. Specifically, Movant has retained counsel who, as shown below, are experienced in litigating lawsuits such as this Action; has demonstrated his significant interest in the outcome of the case; and has no reason to believe that his interests are adverse to those of the putative Class members. Therefore, Movant is an adequate representative for the Class. *See Hom*, 2016 WL 880201, at \*6.

Accordingly, at this stage of the proceedings, Movant has met all of the requirements for appointment as Lead Plaintiff. He has timely filed his motion, sustained the largest amount of losses from Defendants' alleged wrongdoing, and made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to the presumption that he is the most adequate plaintiff and, as such, should be appointed to lead this

Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

**B. Movant's choice of counsel should be approved.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Hom*, 2016 WL 880201, at *7 (quoting *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014)); *see e.g. Casper v. Song Jinan*, No. 12-cv-4202 (NRB), 2012 WL 3865267, at *3 (S.D.N.Y. Sept. 6, 2012). Movant's selection of RCF should be approved, as the record confirms RCF is qualified, experienced, and capable of effectively prosecuting this Action. *See* Economides Decl., Exs. C-D.

Most recently, RCF was appointed, and is serving as, Lead Counsel in the securities fraud class actions *Burnham v. Qutoutiao Inc. et al.*, No. 1:20-cv-06707 (S.D.N.Y.); *Chapman v. Fennec Pharma Inc. et al.*, No. 1:20-cv-812 (M.D.N.C.); and *Garcia v. J2 Global, Inc. et al.*, No. 2:20-cv-06096 (C.D. Cal.). RCF has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class actions: *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.); *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (S.D.N.Y.); *Zhang v. Civic Techs., Inc. et al.,* No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.,* No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.* No. 1:20-cv-02812 (SDNY); *Zhang v. BProtocol Found., et al.,* No. 1:20-cv-02810 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. Quantstamp, Inc. et al.*, No. 1:20-

cv-02813 (S.D.N.Y.); and *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.). Additionally, RCF has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, RCF's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Economides Decl., Ex. D. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions, including *Kipling v. Flex Ltd., et al.*, No. 18-CV-02706-LHK, ECF No. 21 (N.D. Cal.), and consumer class actions, including *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (N.D. Cal.), ECF No. 44, and *In re First American Financial Corporation Cases*, No. 8:19-cv-01105, ECF No. 34 (C.D. Cal.). *See id.* In addition, the firm's attorneys have clerked for federal judges sitting in the Southern District of New York, Eastern District of New York, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United States Supreme Court. *See id.* Movant respectfully submits that this wealth of experience and qualifications demonstrates RCF's ability to provide the highest caliber of representation to the Class.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff; (2) approve Movant's selection of RCF as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

DATED: December 15, 2020   Respectfully Submitted,

       **ROCHE CYRULNIK FREEDMAN LLP**

       */s/ Constantine P. Economides*
       Constantine P. Economides
       Velvel (Devin) Freedman (*pro hac forthcoming*)
       Ivy T. Ngo (*pro hac forthcoming*)

200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rcfllp.com
Email: vel@rcfllp.com
Email: ingo@rcfllp.com

Kyle Roche
Jason Cyrulnik
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Email: kyle@rcfllp.com
Email: jcyrulnik@rcfllp.com

*Counsel for Lead Plaintiff Movant Josh Thrailkill
and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Josh
Thrailkill*

11

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 15, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Constantine P. Economides
Constantine P. Economides