**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION | Case No. 1:20-cv-08647 (PGG) |
| | <u>CLASS ACTION</u> |

**THE INVESTOR GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD**
**COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

I.      THE INVESTOR GROUP IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF
        FOR THE CLASS .......................................................................................................... 4

        A.      The PSLRA Standard For Appointing Lead Plaintiff ................................................ 4

        B.      Under the PSLRA, the Investor Group Should be Appointed Lead Plaintiff ............ 5

                1.      The Investor Group Filed a Timely Motion ................................................ 6

                2.      The Investor Group Has the Largest Financial Interest in the Relief
                        Sought by the Class ..................................................................................... 7

                3.      The Investor Group Meets Rule 23's Typicality and Adequacy
                        Requirements ............................................................................................... 7

II.     THE INVESTOR GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD
        COUNSEL SHOULD BE APPROVED ......................................................................... 10

CONCLUSION .......................................................................................................................... 13

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page(s)**

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................................5, 7

*Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................................................8, 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .......................................................................................................5

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ...............................................................................................5, 7, 8

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .................................7, 9

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011).........................9

*Levine v. AtriCure, Inc.*,
   508 F. Supp. 2d 268 (S.D.N.Y. 2007)...............................................................................................5

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015)..................................................................................................6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................................7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) .......................................................................................................9

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
   No. CV 09-3007 (SJF) (AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010) ......................8

*Reitan v. China Mobile Games & Entm't Grp.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)...............................................................................................10

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ...................................8

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015)..............................................................................................7, 8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .......................................................................................................5

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
  780 F.3d 597 (4th Cir. 2015) ...............................................................................................11

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................................ *passim*

**Other Authorities**

Rule 23(a)(4) ......................................................................................................................9

Anne Cullen,
  More Judges Are Demanding Diversity Among Class Counsel,
  Law360 (July 16, 2020) ................................................................................................13

Ralph Chapoco,
  Calls for Lawyer Diversity Spread to Complex Class Litigation,
  Bloomberg Law (July 30, 2020) ....................................................................................13

Dr. Raffy Mirzayan, Alice Yanlengsim Yeo, both individually and on behalf of Triple A&E LLC, Gary R. Whaler, Jr. and Theresa R. Whaler (the "Investor Group"), respectfully submit this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of its motion for the entry of an order (1) appointing the Investor Group as Lead Plaintiff and (2) approving the Investor Group's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

The above-captioned consolidated securities class action (the "Action") presently pending before this Court is brought on behalf of those who purchased or otherwise acquired Evolus, Inc. ("Evolus") securities between February 1, 2019 and July 6, 2020, inclusive (the "Class Period"), which seeks to recover damages caused by defendants' violations of the Exchange Act.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the litigation" and who also

---

[1]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. in Support of the Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel filed herewith. The Investor Group's Joint Declaration in Support of the Motion of the Investor Group for Appointment as Lead Plaintiff ("Joint Declaration"), and Approval of Selection of Counsel is attached as Ex. A to the James M. Wilson, Jr. Declaration.

satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $526,444.45, the Investor Group to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. The Investor Group also satisfies Rule 23's typicality and adequacy requirements. The Investor Group's claims are typical of the Class's claims because it suffered losses on its Evolus investment as a result of the defendants' false and misleading statements.  Further, the Investor Group has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certification and selection of experienced class counsel.  Accordingly, the Investor Group is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, the Investor Group is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Investor Group has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, the Investor Group's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Evolus is a Delaware corporation headquartered in Newport Beach, California. Complaint ¶ 2, ECF No. 1. The Company operates as a medical aesthetics company, and develops, produces, and markets clinical neurotoxins for the treatment of aesthetic concerns. *Id.* Evolus' sole product is Jeuveau™, which is a purified botulinum toxin indicated for the

2

temporary improvement in the appearance of moderate to severe frown lines in adults. *Id.* As such, Evolus directly competes with Botox®, which is manufactured by Allergan plc and Allergan Inc. ("Allergan") and distributed by Medytox Inc. ("Medytox"). *Id.* Botox® has been the gold standard of the industry since its approval by the U.S. Food and Drug Administration ("FDA") more than two decades ago. *Id.* Evolus is a Delaware company with a principal place of business at 520 Newport Center Drive Suite 1200, Newport Beach, California 92660, United States. *Id.* at ¶ 13. Evolus shares trade on the NASDAQ under the ticker symbol "EOLS." *Id.*

The complaint in the Action alleges that defendants knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose: (i) the real source of botulinum toxin bacterial strain as well as the manufacturing processes used to develop Jeuveau™ originated with and were misappropriated from Medytox; (ii) sufficient evidentiary support existed for the allegations that Evolus misappropriated certain trade secrets relating to the botulin toxin strain and the manufacturing processes for the development of Jeuveau™; (iii) as a result, Evolus faced a real threat of regulatory and/or court action, prohibiting the import, marketing, and sale of Jeuveau™; which in turn (iv) seriously threatened Evolus' ability to commercialize Jeuveau™ in the United States and generate revenue; and (v) any revenues generated from the sale of Jeuveau™ were based on Evolus' unlawful activities, including the misappropriation of trade secrets and secret manufacturing processes belonging to Allergan and Medytox. *Id.* at ¶ 62.

The truth began to emerge, when on July 6, 2020, the U.S. International Trade Commission ("ITC") Court issued its Final Initial Determination on the question of Evolus' alleged violation of section 337 of the Tariff Act of 1930 in misappropriating certain trade secrets from Medytox. *Id.* at ¶ 63. The ITC Court found that Evolus misappropriated Medytox's trade secrets which caused substantial injury to the domestic industry. *Id.* Additionally, the ITC

3

Court found that Korean bioengineering company Daewoong, which Evolus had entered into an exclusive licensing agreement with, misappropriated certain trade secrets relating to the manufacturing processes of the relevant botulinum toxin strain. *Id*. at ¶ 20, 63. As a remedy, the ITC Court recommended a limited exclusion order preventing Evolus from importing Jeuveau™ into the U.S. for ten years and a cease-and-desist order that would prevent Evolus from marketing and selling Jeuveau™ in the U.S., also for a period of ten years. *Id.* at ¶ 63.

On this news, the Company's shares dropped to $3.35 per share over the next two trading days, representing a loss of 37%. *Id.* at ¶ 64.

After the close of Class Period, on August 6, 2020, the ITC Court issued a 282-page public version of its Initial Final Determination, which revealed the depth and scope of the evidentiary record developed before the ITC, which only Evolus and the Individual Defendants — but not the investing public — were apprised of. *Id.* at ¶65.

Through the Action, the Investor Group seeks to recover for itself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

**I.      THE INVESTOR GROUP IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

### A.      The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See*

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *Baughman*, 250 F.R.D. at 125.

**B.      Under the PSLRA, the Investor Group Should be Appointed Lead Plaintiff**

As discussed below, the Investor Group should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the Investor Group holds the largest

5

financial interest of any movant, and the Investor Group otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1.    The Investor Group Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing.  15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Armin Malakouti published notice of the lead plaintiff deadline via *Globe Newswire* on October 16, 2020. *See* Ex. B; *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 567 (S.D.N.Y. 2015) (finding publication in *Globe Newswire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before December 15, 2020. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the Investor Group's motion is timely filed.[2]

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the Investor Group timely signed and submitted the requisite certifications, identifying all of its relevant Evolus trades during the Class Period, and detailing the Investor Group's suitability to serve as Lead Plaintiff in this case. *See* Ex. C.[3]  The PSLRA's procedural requirements have therefore been met**.**

---

[2]    *See also* Memo Endorsed Letter dated December 9, 2020. ECF No. 22.

[3]    Alice Yanglengsim Yeo executed a PSLRA certification for her individual account and her wholly owned limited liability company account "Triple A&E LLC." Gary R. Whaler, Jr. and Theresa R. Whaler executed separate certifications for their individual accounts and joint account. *See* Ex. C

6

**2.     The Investor Group Has the Largest Financial Interest in the Relief
Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Fuwei*, 247 F.R.D. at 437; *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman*, 250 F.R.D. at 125; *In re GE Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *5; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

Overall, during the Class Period, the Investor Group purchased 35,208 net and 47,922 total Evolus shares, expended $651,706.96 in net funds and suffered losses of $526,444.45 attributable to the fraud. *See* Ex. C. The Investor Group is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

**3.     The Investor Group Meets Rule 23's Typicality and Adequacy
Requirements**

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the

7

Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *Fuwei*, 247 F.R.D. at 436.

The Investor Group's claims are clearly typical of the Class's claims.  The Investor Group purchased Evolus securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Evolus and certain of its officers under the federal securities laws. Because the factual and legal bases of the Investor Group's claims are similar to those of the Class's claims, the Investor Group necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is

8

alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in its certifications, *see* Ex. C, the Investor Group's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same). Furthermore, Dr. Raffy Mirzayan has prior experience serving in a representative capacity for class members in a securities fraud case under the PSLRA. Ex. C.

The Investor Group as a whole has already demonstrated its commitment to protecting the interests of the class. As shown by the Joint Declaration filed with this motion as Exhibit A to the Declaration of James Wilson, the Investor Group is well-organized, well-qualified and has

9

affirmed their commitment to furthering the best interests of the class and fulfilling its fiduciary duties if appointed Lead Plaintiff. Further the members of the group have in place a dispute resolution protocol whereby the group members agreed to adopt a majority rule system with Gary R. Whaler, Jr. and Theresa R. Whaler voting together and counting as one vote. Ex. A.

The Investor Group has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class.  As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Ex. D.  Consequently, the Investor Group is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, the Investor Group respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.     THE INVESTOR GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. The Investor Group has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured

10

investors. *See, e.g., Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained preliminary approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of

11

the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class).

12

The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com /our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, the Investor Group respectfully requests that the Court (1) appoint it as Lead Plaintiff; (2) approve its selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: December 15, 2020                    Respectfully submitted,

                                            **FARUQI & FARUQI, LLP**

                                            By:    */s/ James M. Wilson, Jr.*

---

[4]    *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business).

[5]    *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
            rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

14