**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION | **CASE No.: 1:20-cv-08647-PGG**<br><br>**MEMORANDUM OF LAW OF RAJA AHMAD IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................ 5

ARGUMENT ................................................................................................................... 5

    I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 5

    II.    THE PRESUMPTION IN FAVOR OF MOVANT HAS NOT BEEN REBUTTED ..... 7

    III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ....................... 8

    IV.   COMPETING MOTIONS SHOULD BE DENIED ....................................................... 9

        A.    THE DIAFERIA GROUP AND INVESTOR GROUP ARE INAPPROPRIATE GROUPS OF UNRLEATED INVESTORS ......................................................................... 9

        B.    OTHER FACTS DEMONSTRATING THAT THE DIAFERIA GROUP IS INADEQUATE ............................................................................................................. 11

        C.    OTHER FACTS DEMONSTRATING THAT THE INVESTOR GROUP IS INADEQUATE ............................................................................................................. 12

        D.    INDIVIDUAL GROUP MEMBERS SHOULD NOT BE CONSIDERED .............. 13

CONCLUSION ................................................................................................................ 14

**TABLE OF AUTHORITIES**

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.,* 2018 WL 539362 (S.D. Tex. Jan. 22, 2018) ............ 14

*Camp v. Qualcomm Inc.*, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019)........................................ 13

*Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319 (S.D.N.Y. 2004) ................................. 7

*Foley v. Transocean Ltd.*, 272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................ 6

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ...................................................................... 8, 9

*In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..................... 6

*In re Level 3 Commc'ns, Inc.,* 2009 WL 10684924 (D. Colo. May 4, 2009)............................... 14

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147 (D. Del. 2005)............................... 8

*In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081 (S.D.N.Y. Oct. 14, 2014) ........................................................................................................................................... 11

*In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508 (E.D. Pa. 2005)..................................... 6

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC,* 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) ..................................................................................................................................................... 12

*Jakobsen v. Aphria, Inc.*, 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ............................. 11, 13

*Karp v. Diebold Nixdorf, Inc.,* 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)............................. 12

*Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259 (S.D.N.Y. 2019) ................................... 10, 11

*Sofran v. LaBranche & Co.,* 220 F.R.D. 398 (S.D.N.Y.2004) ....................................................... 8

*Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817 (D.N.J. Feb. 14, 2018)....................... 10

*Takara Trust v. Molex, Inc.*, 229 F.R.D. 577 (N.D. Ill. 2005)....................................................... 6

*Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379 (D.N.J. Nov. 6, 2018), *reconsideration denied*, 2019 WL 2710273 (D.N.J. June 26, 2019) ............................................................... 11, 14

*Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409 (E.D. Pa. 2019) ........................................... 12

*Tsirekidze v. Syntax-Brillian Corp.,* 2008 WL 942273 (D. Ariz. Apr. 7, 2008).......................... 14

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008) ..... 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................. 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................. 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................... 5, 7, 9

Lead Plaintiff Movant Raja Ahmad ("Movant" or "Ahmad") respectfully submits this opposition to the competing lead plaintiff motions. Dkt. Nos. 13, 17, 24, 27, 30, 31, 38, 39, and 45.

## BACKGROUND

Nine lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers or acquirers of publicly traded securities of Evolus, Inc. ("Evolus" or the "Company") between February 1, 2019 and July 6, 2020, inclusive (the "Class Period").

Of the movants, Ahmad clearly has the largest financial interest with $748,294 in losses from his Class Period transactions of Evolus securities. Because Movant has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Ahmad is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .

## ARGUMENT

### I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons . . . that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Ahmad suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL

680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Ahmad has the largest losses and thus the greatest financial interest:

| Movant(s) | Loss |
|---|---|
| 1. Raja Ahmad | $748,294 |
| 2. "Diaferia Group" of Peter Diaferia and Mitchell Sisun | $626,306 |
| 3. "Investor Group" of Dr. Raffy Mirzayan, Alice Yanlengsim Yeo, both individually and on behalf of Triple A&E LLC, Gary R. Whaler and Theresa R. Whaler | $526,444 |
| 4. Josh Thrailkill | $267,419 |
| 5. James LeFebvre | $213,057 |
| 6. Kingsgrove Large Cap, LP | $110,837 |
| 7. "Evolus Investor Group" of Peter Sissins, David Pressly, Chris Riccardi, and Nhung Tran | $109,691 |
| 8. Brian Blanchette and Michael Getz[1] | $16,037 |
| 9. Armin Malakouti | $14,251 |

Moreover, as set forth in Movant's opening papers, Ahmad has made a *prima facie* showing of his adequacy and typicality. Movant has submitted a certification attesting to his willingness to serve as lead plaintiff. Dkt. No. 26-2. Ahmad's claims are also typical of other class members because his claims arise from the same legal theories and same nucleus of fact. Movant's interests are aligned with the interests of the other class members as he has the same

---

[1] Brian Blanchette and Michael Getz are represented by the same law firm that now represents the Diaferia Group. Their lead plaintiff motion was withdrawn on December 15, 2020, the same day as the original lead plaintiff deadline, following the Court allowing class members to move for lead plaintiff appointment until that day. *See* Dkt. Nos. 13, 22, and 23.

incentive to prove Defendants' fraud. Ahmad is a realtor and runs a gas station. Dkt. No. 26 at 8. He is a resident of Ontario, Canada and earned a Bachelor of Commerce degree from the University of the Punjab. *Id*. Ahmad has 6 years of investing experience. *Id*. There are no conflicts of interest between Ahmad and absent class members. *See id*. at 7.

In short, because Ahmad has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. Movant should be appointed lead plaintiff and his selection of Lead Counsel should be approved.

## II.      THE PRESUMPTION IN FAVOR OF MOVANT HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Movant to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Ahmad. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Movant, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted

through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Ahmad has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, Movant must be appointed Lead Plaintiff.

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Ahmad has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 26-4. Indeed, Rosen is one of the preeminent securities class action law firms in the country. Rosen has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class

action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12.[2] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

That said some facts bear noting about the competing movants.

### A.    THE DIAFERIA GROUP AND INVESTOR GROUP ARE INAPPROPRIATE GROUPS OF UNRLEATED INVESTORS

The Diaferia Group and Investor Group are inappropriate group movants solely brought together by counsel to create the largest financial interest. Their members are dispersed throughout the country and no specific client driven reasons are provided for the groupings. The joint declarations submitted by the two groups are the type of general conclusory declarations that Courts in this District and elsewhere have rejected.

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

Courts require members of a group to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019). Courts evaluate evidence of:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*See id.*; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008).

While the Diaferia Group and the Investor Group submitted joint declarations in an effort to meet their burden, their boilerplate declarations are insufficient. While both groups assert that their members knew about each other prior to the lead plaintiff motion being filed, "what is conspicuously absent [. . .] is any information regarding how these [. . .] apparent strangers [. . .] found each other." *Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817, at *5 (D.N.J. Feb. 14, 2018) (denying lead plaintiff status to an investor group despite their larger losses due, in part, to the group apparently being "precisely the type of lawyer-created group the Third Circuit cautioned about in *In re Cendant Corp.*" whose members "span[] the country's geography"); *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) (vague plans for cooperation and "boilerplate assurances" are insufficient to show that unrelated investors will be able to manage the litigation efficiently); *Kniffin*, 379 F. Supp. 3d at 263  (court not persuaded by declaration that the group would function cohesively); *In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014) (denying appointment of joint lead plaintiffs even though the group filed a joint declaration because "joint lead plaintiffs run

10

counter to the purposes of the PSLRA, which seeks to avoid lawyer-driven litigation" (internal quotation marks omitted) and "[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation"); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379 (D.N.J. Nov. 6, 2018), *reconsideration denied*, 2019 WL 2710273 (D.N.J. June 26, 2019) (denying lead plaintiff status to a group of investors because the "joint declaration [did] not allay the [] court's concerns about appointing a loose, attorney-driven group of investors as lead plaintiff.").

## B.    OTHER FACTS DEMONSTRATING THAT THE DIAFERIA GROUP IS INADEQUATE

Both Mr. Diaferia and Mr. Sisun submitted trading data that does not comport to the daily trading range for Evolus shares on the days stated. Mr. Diaferia submitted trading data for 28 transactions that do not comport, for February 1, 2019, February 7, 2019, and July 9, 2020.[4] *Compare* Dkt. No. 43-1 at 2 and 43-3 at 4, *with* Ex. A hereto. Mr. Sisun submitted trading data for three transactions that do not comport. *Compare* Dkt. No. 43-1 at 2 and 43-3 at 4, *with* Ex. A hereto.

Therefore, both Mr. Diaferia and Mr. Sisun have attested under penalty of perjury to purchasing or selling Evolus stock at prices outside of the day's trading range. The most obvious possible explanation for this discrepancy is that both members of the Diaferia Group submitted inaccurate trading information. Courts have readily denied lead plaintiff motions in the past where errors in a movant's filings caused the court to question the movant's reliability to serve as a class representative. *See*, *e.g.*, *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL

---

[4] Interestingly, most these transactions are from the first day of the Class Period and three days after the end of the Class Period. *See* Ex. A hereto.

1345931, at *2-3 (S.D.N.Y. Mar. 19, 2015) (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff); *Karp v. Diebold Nixdorf, Inc.,* 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) , *adhered to on reconsideration,* 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (same); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (same).

## C.    OTHER FACTS DEMONSTRATING THAT THE INVESTOR GROUP IS INADEQUATE

The Investor Group's submissions contain numerous errors—further demonstrating that the Group consisting of four individuals and one entity from across the United States is not a well-functioning and cohesive group.

The Investor Group appears to have not known about the Triple A&E LLC, the entity through which Ms. Yeo purchased 95% of her shares, until the day of filing. Ms. Yeo's paragraph of the joint declaration includes the following sentence in a clearly different and awkward font: "I also purchased Evolus stock through a limited liability company, which I own, called Triple A&E LLC and submit a separate PSLRA certification for those purchases." Dkt. No. 48-1 at ¶4.

Ms. Yeo's certifications, for herself and her LLC, are dated December 15, 2020, the same date as the lead plaintiff motion deadline and the same date that the joint declaration was signed. Dkt. No. 48-3 at 4 and 6. This differs from the other certifications filed by the Investor Group members which are all dated December 11, 2020. Dkt. No. 48-3 at 2, 8, 10, 12-13.

Even the earlier-dated certifications are not clear from error. Throughout the Whalers joint certification regarding their joint account, there are many subject-verb agreement and singular-plural issues that appear to come from a rushed update of certifications used earlier for a

12

single movant instead of the Whalers together. These include: "**Movants selects** and **retains** Faruqi & Faruqi, LLP as counsel" "**Movants understands** that, consistent with **Movant's** fiduciary duties, **Movant will**," "**Movant's** counsel", "**Movants is** willing", "**Movant's** ability", and "**Movant's** decision". Dkt. No. 48-3 at 12 (emphasis added).

After purportedly reviewing this certification, both Whalers signed this error filled certification "under penalty of perjury under the laws of the United States". *Id*; *see also Camp v. Qualcomm Inc.*, 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019) (noting similar issues with a PSLRA certification and denying appointment of lead plaintiff to that movant).

Further, the Investor Group also did not submit a loss chart with its motion papers, unlike the competing movants and opposed to general custom in similar cases.

## D.    INDIVIDUAL GROUP MEMBERS SHOULD NOT BE CONSIDERED

The Court should not permit the members of the two Groups to be considered individually as none of the individuals themselves "made a motion" pursuant to the PSLRA and should not be considered further. *See Jakobsen,* 2019 WL 1522598, at *4 (court will not consider whether individual group members could be appointed as lead plaintiff as there were no separate motions to appoint any member of the group as a lead plaintiff on an individual basis); *Takata,* 2018 WL 5801379, at *5 (declining to break apart a group of lead plaintiff movants because the group belatedly requested such cure "when confronted with [the] argument that a loosely connected group cannot effectively monitor counsel" which did "not assuage the Court's concerns that the attorneys, and not the plaintiffs, have initiated [the] efforts."); *see also In re Level 3 Commc'ns, Inc.,* 2009 WL 10684924, at *5 (D. Colo. May 4, 2009) (declining to consider individual constituents of a group because neither individual 'made a motion' in response to the notice of the putative class action"); *Tsirekidze v. Syntax-Brillian Corp.,* 2008

13

WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (declining to consider individual constituent of group as lead plaintiff candidate because the group "moved for lead plaintiff as a group and will be evaluated as such"); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (denying a group's motion when group members have not explicitly requested to be considered individually); *Abouzied v. Applied Optoelectronics, Inc.,* 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018) (group members did not move for appointment as sole-lead, "the Court will not consider the suggestion that it select one member of the group. The Court will consider the motion of the collective group.")

## CONCLUSION

For the foregoing reasons, Ahmad's motion should be granted in its entirety and the competing motions should be denied.

Dated: December 29, 2020                 Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         /s/ Phillip Kim
                                         Phillip Kim, Esq. (PK 9384)
                                         Laurence M. Rosen, Esq. (LR 5733)
                                         275 Madison Avenue, 40th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Fax: (212) 202-3827
                                         Email: pkim@rosenlegal.com
                                         Email: lrosen@rosenlegal.com

                                         *[Proposed] Lead Counsel for Lead Plaintiff and Class*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

15