**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EVOLUS INC. SECURITIES LITIGATION | Case No. 1:20-cv-08647 (PGG) <br><br> <u>CLASS ACTION</u> |

**THE INVESTOR GROUP'S REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................ 1

I.      THE INVESTOR GROUP IS A GROUP PERMITTED BY THE PSLRA AND IT
        HAS DEMONSTRATED THAT IT WILL FAIRLY REPRESENT THE
        INTERESTS OF THE CLASS ..................................................................................... 3

II.     THE DIAFERIA & SISUN GROUP SUBMITTED FACIALLY INCORRECT
        PSLRA CERTIFICATIONS AND SHOULD BE DISQUALIFIED ................................ 6

III.    THE INVESTOR GROUP HAS THE LARGEST LOSS OF THE REMAINING
        MOVANTS ................................................................................................................ 7

IV.     THE INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF AND
        THE INVESTOR GROUP'S SELECTION OF FARUQI & FARUQI, LLP SHOULD
        BE APPROVED ......................................................................................................... 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Aguilar v. Vitamin Shoppe, Inc.*,
No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444 (D.N.J. Apr. 25, 2018) ............................4

*Allegheny Cty. Emps' Ret. Sys. v. Energy Transfer LP*,
No. 20-200, 2020 WL 815136 (E.D. Pa. Feb. 19, 2020) ........................................................5

*Barnet v. Elan Corp.*,
236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................3

*Beckman v. Ener1, Inc.*,
No. 11 Civ. 5794(PAC), 2012 WL 512651 (S.D.N.Y. Feb. 15, 2012)...................................5

*Bhojwani v. Pistiolis*,
No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588 (S.D.N.Y. July 31, 2007).......................7

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)....................3, 5

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019)................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................3, 4

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)............................................................................................................3

*In re Donnkenny Inc. Sec. Litig.*,
171 F.R.D. 156 (S.D.N.Y. 1997) ...........................................................................................5

*Eichenholtz v. Verifone Holdings*, Inc.,
No. C 07–06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ..................................5

*In re Enzymotec Ltd. Sec. Litig.*,
No. 14-CV-5556, 2015 WL 918535 (D.N.J. Mar. 3, 2015).....................................................4

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
No. 19-CV-8204 (VSB), 2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019)...................................7

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015).....................................................................................5

*Plaut v. Goldman Sachs Grp., Inc.*,
No. 18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ..............................7

*Stires v. Eco Sciences Solutions, Inc.*,
   No. CV 17-3707(RMB/KMW), 2018 WL 5784817 (D.N.J. Feb. 14, 2018)........................4, 5

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ....................................................................................5

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ...........................................................................................3

**Statutes**

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) ..............................................................................................3, 4

Dr. Raffy Mirzayan, Alice Yanlengsim Yeo (both individually and on behalf of Triple A&E LLC), and Gary R. Whaler, Jr. and Theresa R. Whaler (the "Investor Group"),[1] respectfully submits this reply memorandum of law in further support of its motion to be appointed lead plaintiff, for the selection of its counsel to be selected as lead counsel and in further opposition to the motions to be appointed lead plaintiff filed by Raja Ahmad ("Ahmad") (ECF Nos. 24, 25, 26, 53), Peter Diaferia ("Diaferia") and Mitchell Sisun ("Sisun") (collectively, the "Diaferia & Sisun Group") (ECF Nos. 38, 40, 41, 43, 54), and James LeFebvre ("LeFebvre") (ECF Nos. 27, 28, 29, 55).

## SUMMARY

Of the four movants still seeking appointment as Lead Plaintiff, as reflected in the table below and discussed herein, only the Investor Group has demonstrated that it has the largest losses and meets the adequacy and typicality requirement of Fed. R. Civ. P. 23, as required by the PSLRA.

| Movant | Firm | Losses | Status |
|---|---|---|---|
| **The Investor Group** | **Faruqi & Faruqi, LLP** | **$526,444.45** | **Only qualified movant with largest losses and should be appointed lead plaintiff** |
| Raja Ahmad | The Rosen Law Firm, P.A. | $748,294.84 | Disqualified – suffered zero losses |
| Peter Diferia Mitchell Sisun | Pomerantz, LLP Portnoy Law Firm ("Additional Counsel) | $626,306.00 | Disqualified – filed inaccurate PSLRA Certification |
| James LeFebvre | Glancy Prongay & Murray, LLP | $213,057.81 | Does not meet PSLRA test for largest losses |

---

[1]   Unless stated otherwise, the following conventions apply: (1) all references to the docket are to the master consolidated action bearing the docket number 1:20-cv-08647-PGG; (2) all citations, internal quotation marks and footnotes are omitted; and (3) all emphases are added.

1

The Investor Group's motion is opposed by Ahmad, who has zero recoverable losses, on the basis that it is a group, even though a "group of persons" is expressly permitted by the PSLRA. He also asserts a few wholly irrelevant perceived issues in certain of the Investor Group's motion papers. *See* Mem. of Law of Raja Ahmad in Opp'n to Competing Lead Pl. Mots. 9-11, 12-14 (ECF No. 53) (the "Ahmad Opp."). LeFebvre, whose losses are well behind the Investor Group's and other remaining movants' losses, similarly opposes the appointment of a group of investors, despite the PSLRA's express approval of groups. *See* James LeFebvre's Mem. of Law in Opp'n to the Competing Mots. for Appointment as Lead Pl. and Approval of Lead Counsel 3-8 (ECF No. 55) (the "LeFebvre Opp."). The Diaferia & Sisun Group claim to have larger losses than the Investor Group's losses, but do not argue that the Investor Group is subject to any unique defenses or otherwise inadequate to be appointed lead plaintiff.  Mem. of Law: (1) In Further Supp. of Mot. of Peter Diaferia and Mitchell Sisun for Appointment as Co-Lead Pls. and Approval of Lead Counsel; and (2) In Opp'n to Competing Mots. 2 (ECF No. 54) (the "Diaferia & Sisun Opp."). However, as discussed in its opposition papers (*see* The Investor Group's Mem. of Law in Supp. of Its Mot. for Appointment as Lead Pl. and Approval of Lead Counsel (ECF No. 57) (the "Investor Group Opp.")), and below, the Diaferia & Sisun Group appear to have submitted inaccurate information regarding their Evolus, Inc. ("Evolus") stock transactions in their sworn PSLRA Certifications, which disqualifies them being appointed to act in a representative capacity for Evolus' absent class members.[2]

---

[2]     The Diaferia & Sisun Group also is represented by two law firms, which is not necessary for this case. *See* ECF No. 41 at 13.

At bottom, the Investor Group has the largest losses of all the qualified movants, has selected a single qualified firm, Faruqi & Faruqi, LLP, to work on this case, and should be appointed as lead plaintiff under the PSLRA.

## I.    THE INVESTOR GROUP IS A GROUP PERMITTED BY THE PSLRA AND IT HAS DEMONSTRATED THAT IT WILL FAIRLY REPRESENT THE INTERESTS OF THE CLASS

Contrary to the arguments made by Ahmad and LeFebvre, a group of investors is expressly allowed to be appointed as lead plaintiff by the PSLRA. The PSLRA provides:

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or **group of persons** that –
>
> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Courts in the Second Circuit and across the country routinely grant motions by such groups, finding them adequate within the meaning of Rule 23. *See, e.g., China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups . . . ."); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("This Court recognizes that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *3-4 (E.D.N.Y. Dec. 15, 2017) (permitting unrelated investors to join together as a group); *In re Cendant Corp.*

*Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff."). *See also* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

Neither Ahmad nor LeFebvre identify any factors demonstrating that the Investor Group is inadequate to represent the class in this case. Ahmad and LeFebvre claim only that, **in their view**, the joint declaration submitted by the Investor Group (ECF No. 48-1) (the "Joint Declaration") contains boilerplate language. Ahmad Opp. 10; LeFebvre Opp. 7. Neither Ahmad nor LeFebvre cited any authority that the Investor Group's specific Joint Declaration language will subject the Investor Group to any unique defenses or otherwise demonstrate that it is not an adequate group that can function cohesively and effectively manage this case. Courts have routinely relied on similar declarations to find that proposed groups will be able to function as lead plaintiffs—particularly if the proposed lead plaintiffs provided details on how they will coordinate their efforts like the Investor Group has done. *Aguilar v. Vitamin Shoppe, Inc.,* No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444, at *10-11 (D.N.J. Apr. 25, 2018); *In re Enzymotec Ltd. Sec. Litig.*, No. 14-CV-5556, 2015 WL 918535, at *4 (D.N.J. Mar. 3, 2015).

The case law on which Ahmad and LeFebvre rely that found that a group could not function cohesively and effectively is entirely inapposite. For example, in *Stires v. Eco Sciences Solutions, Inc.*, No. CV 17-3707(RMB/KMW), 2018 WL 5784817 (D.N.J. Feb. 14, 2018), relied on by Ahmad (Ahmed Opp. 10), a group's appointment was disallowed because those investors filed a joint declaration explaining how they would manage the case two weeks **after** they originally filed their lead plaintiff motion. *See Stires*, 2018 WL 5784817, at *5. In contrast, the Investor Group clearly convened a joint conference call before the lead plaintiff filing, between themselves and their attorneys to review the Group's role, responsibilities and the manner in

4

which it would function cohesively and effectively to manage the case. *See* Joint Declaration (ECF No. 48-1).

Courts also appoint groups of investors to act as lead plaintiff if they are "unrelated." *See Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"). "Relevant considerations include whether the group's members have a pre-existing relationship, whether they have cooperated effectively thus far, and whether they have a coherent plan for dividing responsibilities, resolving conflicts, and managing the litigation." *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)). Indeed, the court in *Stires* expressly acknowledged that a group of "unrelated individuals or entities may band together to serve as lead plaintiff under the PSLRA . . . if the Court determined that such group can fairly and adequately represent the interests of the class." *Stires*, 2018 WL 5784817, at *5. Further, the PSLRA "contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group fairly and adequately protect the interests of the class." *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 416 (E.D. Pa. 2019); *Allegheny Cty. Emps' Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 WL 815136, at *4 (E.D. Pa. Feb. 19, 2020).[3]

---

[3]    Further, contrary to Ahmad's argument (Ahmad Opp. 13-14), courts have culled individual movants from their group to appoint them lead plaintiff. *See, e.g., Beckman v. Ener1, Inc.*, No. 11 Civ. 5794(PAC), 2012 WL 512651, at *4 (S.D.N.Y. Feb. 15, 2012) (comparing group members on an individual financial interest basis); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (appointing an individual group member with the largest loss as sole lead plaintiff); *Eichenholtz v. Verifone Holdings*, Inc., No. C 07–06140 MHP, 2008 WL 3925289, at *10 (N.D. Cal. Aug. 22, 2008) (considering an individual entity from a group).

Ahmad also claims that he found "errors" in the Investor Group's Joint Declaration that demonstrate that it is inadequate. Ahmad Opp. 12.  However, Ahmad's "errors" are not errors, but rather what he suspects is a different sized font in one sentence, and a signature from one group member that was signed on a date that is different from the date other group members signed the Joint Declaration. He cites no applicable authority that either of these completely insignificant items are relevant to the inquiry at hand because there could be none. The inapposite case of *Camp v. Qualcomm Inc*., No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019), cited by Ahmad (Ahmad Opp. 13), involved a situation where the movant submitted an incorrect loss calculation based on a certification's incorrect price per share for a stock transaction resulting in lower losses than reported. The Investor Group's certifications contain no such substantive errors.[4]

In sum, the Investor Group is a small cohesive group of investors that is expressly allowed by the PSLRA.

## II.   THE DIAFERIA & SISUN GROUP SUBMITTED FACIALLY INCORRECT PSLRA CERTIFICATIONS AND SHOULD BE DISQUALIFIED

As discussed in its opposition (the Investor Group Opp. 7-9), the Diaferia & Sisun Group are inadequate because both group members submitted a PSLRA Certification that is facially incorrect. The schedule of transactions appended to their certifications—which they attested to be an accurate record of their class period transactions in Evolus securities, under penalty of perjury—is facially wrong as 19 of Diaferia's trades are outside of the Evolus historical trading range and 1 of Sisun's trades are outside of the Evolus historical trading range. *See* Ex. C. to the

---

[4]    Ahmad also argues in conclusory fashion that the Investor Group is inadequate because it did not submit a loss chart, which in his view is customary. *See* Ahmad Opp. at 13. He cites to no authority that the lack of such a chart, even if he thinks it's customary, is renders a movant inadequate to serve as lead plaintiff.

Decl. of Jeremy A. Lieberman in Supp. of Mot. of Peter Diaferia and Michell Sisun for Appointment as Co-Lead Pls. and Approval of Lead Counsel (ECF No. 43-3); the Investor Group Opp. 7-9.

Courts routinely deny lead plaintiff motions that are accompanied by false and erroneous submissions on the grounds that they demonstrate the movant's inadequacy to meet the burden and responsibilities of serving in a representative capacity. *See e.g., Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007); *Plaut v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (denying lead plaintiff motion where movant made clerical errors in their certification); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019).

The Diaferia & Sisun Group's losses are, at best, unreliable since they inaccurately reflect the market prices at which Evolus stock was publicly traded and therefore appear to inaccurately reflect their Evolus stock transactions. Diaferia and Sisun are clearly inadequate within the meaning of Rule 23, and, as such, the PSLRA mandates denial of Diaferia and Sisun's motion.

## III.    THE INVESTOR GROUP HAS THE LARGEST LOSS OF THE REMAINING MOVANTS

Of the remaining movants, Ahmad and LeFebvre, the Investor Group is the only proposed lead plaintiff that meets Rule 23's adequacy requirement and that suffered the largest loss. The Investor Group is a small cohesive group of investors with $526,444.45 in losses arising from the alleged fraud in this case. Additionally, the Investor Group has provided accurate certifications and no conflict of interest exists as provided in the Joint Declaration submitted in the Investor Group's opening papers (ECF Nos. 45, 47, 48, 49).

Three movants, the Investor Group, the Diaferia & Sisun Group and LeFebvre, agree that Ahmad is disqualified from being appointed lead plaintiff because he in fact sold his entire position in Evolus stock many months prior to the disclosure of alleged fraud on the market. *See* the Investor Group Opp. 4-6; the Diaferia & Sisun Group Opp. 11-12; LeFebvre Opp. 5. Further, if the Court were to adopt the loss calculation methodology suggested by LeFebvre then the Investor Group would have the largest loss of all of the other movants. LeFebvre Opp. 5.

## IV.    THE INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF AND THE INVESTOR GROUP'S SELECTION OF FARUQI & FARUQI, LLP SHOULD BE APPROVED

The Investor Group is the only proposed lead plaintiff that meets Rule 23's adequacy requirement and should be selected as lead plaintiff. The Investor Group is a small cohesive group of sophisticated investors with $526,444.45 in losses arising from the alleged fraud in this case. Additionally, the Investor Group's large recognizable losses during the Class Period proposed by LeFebvre under the modified LIFO loss calculation, are larger than all competing movants.  Finally, the Investor Group has provided accurate certifications and no conflict of interest exists as provided in the Joint Declaration submitted in the Investor Group's opening papers (ECF Nos. 45, 47, 48, 49).

The Investor Group has selected Faruqi & Faruqi, LLP (the "Faruqi Firm") to be Lead Counsel for the Class. The Faruqi Firm is a highly experienced and successful minority-owned and woman-owned law firm whose adequacy to serve as lead counsel in this case is unchallenged. *See* Decl. of James M. Wilson, Jr. in Supp. of The Investor Group's Mot. For Appointment As Lead Pl. And Approval Of Lead Counsel (ECF No. 48), Ex. D, Firm Resume (ECF No. 48-4), and Ex. E, Women's Business Enterprise National Council Certificate (ECF No. 48-5).

## CONCLUSION

For the foregoing reasons and the reasons set forth in its Opening Memorandum of Law (ECF No. 47), the Investor Group respectfully requests that the Court: (1) appoint the Investor Group as Lead Plaintiff for the action; (2) approve the Investor Group's selection of the Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: January 5, 2021                      Respectfully submitted,

                                            **FARUQI & FARUQI, LLP**

                                            By:     */s/ James M. Wilson, Jr.*
                                                    James M. Wilson, Jr.

                                            James M. Wilson, Jr.
                                            Robert W. Killorin (*pro hac vice*
                                            forthcoming)
                                            685 Third Avenue, 26th Floor
                                            New York, NY 10017
                                            Telephone: 212-983-9330
                                            Facsimile: 212-983-9331
                                            Email:   jwilson@faruqilaw.com
                                                     rkillorin@faruqilaw.com

                                            *Attorneys for [Proposed] Lead Plaintiff and
                                            [Proposed] Lead Counsel for the putative
                                            Class*

9