**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re EVOLUS, INC. SECURITIES
LITIGATION

Civil Action No. 20-cv-8647-PGG

**DECLARATION OF JONATHAN ROSENBERG, ESQ., IN SUPPORT OF THE
EVOLUS DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

I, Jonathan Rosenberg, under 28 U.S.C. § 1746(2), declare as follows:

1.    I am admitted to practice before this Court and a partner with O'Melveny & Myers LLP, counsel to defendants Evolus, Inc. ("Evolus"), David Moatazedi, Rui Avelar, and Lauren Silvernail (together with Evolus, "the Evolus Defendants").

2.    I submit this declaration in support of the Evolus Defendants' Motion to Dismiss the Amended Complaint. The purpose of the declaration is to provide the Court with the documents that the Evolus Defendants cite in their motion to dismiss.

**Evolus Public Statements**

3.    Attached to this Declaration as Exhibit A is a true and correct copy of Evolus's February 1, 2019 Press Release, *Evolus Receives FDA Approval for Jeuveau™ prabotulinumtoxinA-xvfs for Injection*, published on Evolus's website and available at https://investors.evolus.com/news-releases/news-release-details/evolus-receives-fda-approval-jeuveautm-prabotulinumtoxina-xvfs.  This press release describes the U.S. Food and Drug Administration's approval of Evolus's product, Jeuveau.

4.    Attached to this Declaration as Exhibit B is a true and correct copy of excerpts

from Evolus's annual report on SEC Form 10-K for the period ending December 31, 2018, publicly filed with the SEC on March 20, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite the following pages in their motion: (i) page 1, where Evolus states that "Forward-looking statements include" statements about "the results of current and any future legal proceedings" and that such statements are "not guarantees," and "involve a number of risks and uncertainties"; (ii) pages 3 and 4, where Evolus describes its agreement with Daewoong to manufacture and supply DWP-450 to Evolus for sale in the U.S., and the FDA's approval of Jeuveau; (iii) pages 26 and 27, where Evolus summarizes the allegations and discloses the risks of Medytox's California and South Korea lawsuits and the ITC complaint; and (iv) pages 4 and 45, where Evolus describes "proprietary" attributes of Jeuveau.

5. Attached to this Declaration as Exhibit C is a true and correct copy of excerpts from Evolus's Form S-1 Registration Statement, publicly filed with the SEC on February 1, 2018, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite the following pages in their motion: (i) pages 37 and 38, where Evolus discloses Medytox's allegations against Daewoong and Evolus from the Medytox California Lawsuit and the FDA Citizen Petition, and warns of the potential ramifications of an adverse outcome; and (ii) page 56, where Evolus states that "Forward-looking statements include" statements about "the results of the Medytox Litigation, the Citizen Petition and any future legal proceedings."

6. Attached to this Declaration as Exhibit D is a true and correct copy of the transcript of the February 4, 2019 Special Call with analysts, as obtained from https://marketintelligence.spglobal.com/. The Evolus Defendants cite the following pages in their

motion: (i) page 4, where defendant David Moatazedi describes the FDA's approval of Jeuveau; and (ii) page 9, where Moatazedi describes the FDA's denial of Medytox's Citizen Petition.

7. Attached to this Declaration as Exhibit E is a true and correct copy of excerpts from Evolus's quarterly report on SEC Form 10-Q for the period ending March 31, 2019, publicly filed with the SEC on May 1, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite in their motion pages 42 and 43, where Evolus discloses the allegations and risks of Medytox's California Litigation and the ITC Litigation.

8. Attached to this Declaration as Exhibit F is a true and correct copy of excerpts from Evolus's quarterly report on SEC Form 10-Q for the period ending June 30, 2019, publicly filed with the SEC on August 12, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite in their motion pages 46 and 47, where Evolus discloses the allegations and risks of Medytox's California Litigation and the ITC Litigation.

9. Attached to this Declaration as Exhibit G is a true and correct copy of excerpts from Evolus's quarterly report on SEC Form 10-Q for the period ending September 30, 2019, publicly filed with the SEC on November 4, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite in their motion pages 47 and 48, where Evolus discloses the allegations and risks of Medytox's California Litigation and the ITC Litigation.

10. Attached to this Declaration as Exhibit H is a true and correct copy of excerpts from Evolus's annual report on Form 10-K for the period ending December 31, 2019, publicly filed with the SEC on February 25, 2020, as obtained from the SEC's online filings and form

repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite the following pages in their motion:  (i) page 53, where Evolus discloses the allegations and risks of the ITC Litigation; and (ii) pages 2, 4 and 37, where Evolus describes "proprietary" attributes of Jeuveau and Evolus's "Competitive Strengths."

11. Attached to this Declaration as Exhibit I is a true and correct copy of Evolus's 2019 Q4 Earnings Call Transcript for the earnings call that took place on February 25, 2020, as obtained from https://seekingalpha.com/. The Evolus Defendants cite in their motion page 9, where defendant David Moatazedi notes that the company "remain[s] confident in the strength of [their] IP," but cautions investors "not to draw any definite conclusions."

12. Attached to this Declaration as Exhibit J is a true and correct copy of excerpts from Evolus's Analyst/Investor Day Call Transcript for the call that took place on May 8, 2019, as obtained from https://spglobal.com/marketintelligence. The Evolus Defendants cite in their motion pages 5, 13, and 14, where defendants Moatazedi and Avelar address features of Jeuveau that were developed by Evolus.

13. Attached to this Declaration as Exhibit K is a true and correct copy of excerpts from Evolus's 2019 Q2 Earnings Call Transcript for the earnings call that took place on August 12, 2019, as obtained from https://seekingalpha.com/. The Evolus Defendants cite in their motion page 2, where Ashwin Agarwal, an Evolus officer, directs listeners to Evolus's SEC Forms 10-K and 10-Q for disclosures of risks and uncertainties facing Evolus.

**Medytox's Filings in Other Forums**

14. Attached to this Declaration as Exhibit L is a true and correct copy of the Complaint filed by Medytox Inc. in *Medytox Inc. v. Daewoong Pharmaceuticals Co., Ltd., et al.* (Super. Ct. Orange County, No. 30-2017-00924912-CU-IP-CJC), on June 7, 2017, as obtained

from https://www.occourts.org/. The Evolus Defendants cite the following paragraphs and pages in their motion: (i) paragraphs 40, 43, 65, and 75, where the complaint makes allegations supporting claims against Daewoong and BK Lee; and (ii) paragraphs 100 to 103 and pages 26 and 27, where the complaint lists the relief that Medytox sought against Daewoong and Evolus.

15. Attached to this Declaration as Exhibit M is a true and correct copy of excerpts from the First Amended Complaint filed by Medytox Inc. in *Medytox Inc. v. Daewoong Pharmaceuticals Co., Ltd., et al.* (Super. Ct. Orange County, No. 30-2017-00924912-CU-IP-CJC), on August 14, 2017, as obtained from https://www.occourts.org/. The Evolus Defendants cite the following paragraphs in their motion: (i) paragraph 40, where the amended complaint defines Evolus as one of the "Alphaeon Defendants"; and (ii) paragraphs 69, 70, and 77, where the amended complaint asserts misappropriation and conversion claims against the Alphaeon Defendants.

16. Attached to this Declaration as Exhibit N is a true and correct copy of excerpts from the Citizen Petition submitted by Medytox Inc. with the FDA on December 5, 2017, as obtained from Regulations.gov at https://www.regulations.gov/document/FDA-2017-P-6745-0001. The Evolus Defendants cite in their motion pages 1, 2, and 3, where Medytox requests that the FDA not approve Evolus's BLA application until Evolus submits its strain for a full genetic sequencing.

17. Attached to this Declaration as Exhibit O is a true and correct copy of a February 1, 2019 letter from Janet Woodcock, Director for the Center for Drug Evaluation and Research, to counsel for Medytox, Inc., denying the Medytox Citizen Petition, as obtained from Regulations.gov at https://www.regulations.gov/document/FDA-2017-P-6745-0010. The Evolus Defendants cite in their motion page 1, where the FDA denies Medytox's Citizen Petition.

**ITC Litigation Filings and Related Documents**

18. Attached to this Declaration as Exhibit P is a true and correct copy of Order No. 1: Protective Order of Administrative Law Judge David P. Shaw in *In the Matter of Certain Botulinum Toxin Products, Processes for Manufacturing or Relating to Same and Certain Products Containing Same*, Inv. No. 337-TA-1145 (the "ITC Litigation"), publicly filed on March 6, 2019, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/. The Evolus Defendants cite in their motion pages 1, 2, and 3, where the Protective Order defines confidential business information and identifies who could have access to such information throughout the ITC Litigation.

19. Attached to this Declaration as Exhibit Q is a true and correct copy of the Joint Discovery Statement in the ITC Litigation, publicly filed on March 22, 2019, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/. The Evolus Defendants cite in their motion pages 10 and 14, where the Joint Discovery Statement indicates that Daewoong's and Evolus's outside counsel requested documents from Medytox about Medytox's manufacturing process.

20. Attached to this Declaration as Exhibit R is a true and correct copy of Order No. 8 of Administrative Law Judge David P. Shaw in the ITC Litigation, publicly filed on May 7, 2019, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/. The Evolus Defendants cite the following pages in their motion: (i) page 2, where the Order describes Medytox and Allergan's requests for documents relating to Daewoong's botulinum strain and Daewoong's objections to such requests on the grounds that the strain was not a trade secret; and (ii) pages 3 and 4, where the Administrative Law Judge granted the discovery.

21. Attached to this Declaration as Exhibit S is a true and correct copy of Order No. 23 (Initial Determination) of Administrative Law Judge David P. Shaw in the ITC Litigation, publicly filed on August 16, 2019, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/. The Evolus Defendants cite in their motion pages 1 and 2, where the Administrative Law Judge described the background of expert discovery in the ITC Litigation and the testing of the botulinum strains.

22. Attached to this Declaration as Exhibit T is a true and correct copy of an October 15, 2019 Health Korea News article, as obtained from https://www.hkn24.com/news/articleView.html?idxno=307512, publishing excerpts of "IV. Summary of Key Conclusions" from the September 20, 2019 "Expert Report of Dr. Paul Keim" in the ITC Litigation.  This document (i) displays Medytox's expert's conclusion that the gene content of Daewoong's strain and Medytox's strain are identical, and that Daewoong's strain is derived from Medytox's strain; and (ii) shows that Keim's report was labeled "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."

23. Attached to this Declaration as Exhibit U is a true and correct copy of the article by Lee Han-soo, *"Medytox, Daewoong still in dispute over Nabota's spore appraisal,"* KOREA BIOMEDICAL REVIEW, Oct. 15, 2019, as obtained from http://www.koreabiomed.com/news/articleView.html?idxno=6599. The Evolus Defendants cite in their motion pages 1 and 2, where the article reports that Medytox and Daewoong publicly disclosed their respective experts' conclusions and describes disagreements between Daewoong's and Medytox's experts.

24. Attached to this Declaration as Exhibit V is a true and correct copy of excerpts of the redacted transcript of the February 4, 2020 hearing in the ITC Litigation, publicly filed on

February 5, 2020, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/.  The Evolus Defendants cite in their motion pages 9, 116, and 121, where the Administrative Law Judge distinguishes the public record from the confidential record of the hearing, and notes who could be present in the courtroom during the confidential record portion. This document indicates that only counsel was present during the confidential record portion and that "corporate people" were not allowed in the courtroom during the confidential record portion, and that only counsel, not the parties, were present when Paul Keim testified about confidential business information.

25. Attached to this Declaration as Exhibit W is a true and correct copy of excerpts of the Commission Opinion (Public Version) in the ITC Litigation, filed under seal on December 16, 2020, and publicly filed on January 13, 2021, as obtained from the ITC's Electronic Document Information System (EDIS), https://edis.usitc.gov/external/. The Evolus Defendants cite the following pages in their motion:  (i) pages 29, 30, 62, and 64, where the Commission found that Medytox's strain did not qualify as a protectable trade secret and reduced the length of the limited exclusion order and cease-and-desist order from 10 years to 21 months; and (ii) page 44, where the Commission affirmed the finding that Daewoong, but not Evolus, had misappropriated trade secrets relating to Medytox's manufacturing process.

**Transactions in Evolus Stock**

26. Attached to this Declaration as Exhibits X and Y are true and correct copies of the following SEC Form 4 documents of David Moatazedi, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml: (i) for the transaction on January 23, 2020, publicly filed with the SEC on January 24, 2020 (Exhibit X); and (ii) for the transaction on May 13, 2020, publicly filed with the SEC on May 15, 2020 (Exhibit Y).  The

Evolus Defendants cite these documents in their motion to show that Moatazedi acquired in separate transactions during the class period 82,070 and 100,000 shares of Evolus common stock, for a total class period acquisition of 182,070 Evolus shares.

27. Attached to this Declaration as Exhibits Z and AA are true and correct copies of the following SEC Form 4 documents of Lauren Silvernail, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml: (i) for the transaction on January 23, 2020, publicly filed with the SEC on January 25, 2020 (Exhibit Z); and (ii) for the transaction on May 13, 2020, publicly filed with the SEC on May 15, 2020 (Exhibit AA). The Evolus Defendants cite these documents in their motion to show that Silvernail acquired in separate transactions during the class period 26,000 and 40,000 shares of Evolus common stock, for a total class period acquisition of 66,000 Evolus shares.

28. Attached to this Declaration as Exhibit BB is a true and correct copy of SEC Form 4 of Lauren Silvernail for the transaction on May 31, 2019, publicly filed with the SEC on May 31, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite this document in their motion to show that Silvernail reported in May 2019 that she sold Evolus stock "solely for the purpose of covering tax withholding obligations in connection with the vesting and settlement of certain restricted stock units."

29. Attached to this Declaration as Exhibits CC, DD, and EE are true and correct copies of the following SEC Form 4 documents of Rui Avelar, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml:  (i) for the transaction on December 10, 2019, publicly filed with the SEC on December 11, 2019 (Exhibit CC); (ii) for the transaction on January 23, 2020, publicly filed with the SEC on January 24,

2020 (Exhibit DD); and (iii) for the transaction on May 13, 2020, publicly filed with the SEC on

May 15, 2020 (Exhibit EE). The Evolus Defendants cite these documents in their motion to show

that Avelar acquired in separate transactions during the class period 10,020, 26,000, and 40,000

shares of Evolus common stock, for a total class period acquisition of 76,020 Evolus shares.

30. Attached to this Declaration as Exhibit FF is a true and correct copy of SEC Form

4 of Rui Avelar for the transaction on January 7, 2020, publicly filed with the SEC on January 8,

2020, as obtained from the SEC's online filings and form repository (EDGAR),

http://www.sec.gov/edgar.shtml. The Evolus Defendants cite this document in their motion to

show that Avelar reported that he sold Evolus stock "pursuant to a Rule 10b5-1 trading plan

adopted by [Avelar] in the fourth quarter of 2019" and the sale "represent[ed] shares required to

be sold by [Avelar] to cover tax withholding obligations in connection with the vesting of certain

Restricted Stock Units."

31. Attached to this Declaration as Exhibit GG is a true and correct copy of Alphaeon

Corporation's May 21, 2019 press release, *Alphaeon Corporation to Pay Off $88 million of

Outstanding Third-Party Debt*, published on PRNewswire and available at

https://www.prnewswire.com/news-releases/alphaeon-corporation-to-pay-off-88-million-of-

outstanding-third-party-debt-300853991.html. The Evolus Defendants cite this document in their

motion to show that Alphaeon announced that it sold Evolus stock to pay off debt that was due

the next month, June 2019.

32. Attached to this Declaration as Exhibit HH is a true and correct copy of SEC

Form 4 of Alphaeon Corporation for the transaction on May 20, 2019, publicly filed with the

SEC on May 22, 2019, as obtained from the SEC's online filings and form repository (EDGAR),

http://www.sec.gov/edgar.shtml. The Evolus Defendants cite this document in their motion to

show that Alphaeon reported that it sold Evolus stock "pursuant to a private transaction with certain of Alphaeon Corporation's existing noteholders who elected to receive payment…in the form of shares of common stock rather than cash."

33. Attached to this Declaration as Exhibit II is a true and correct copy of SEC Form 4/A of Alphaeon Corporation for the transaction on June 3, 2019, publicly filed with the SEC on June 4, 2019, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite this document in their motion to show that Alphaeon reported that its sale of Evolus stock was "between ALPHAEON Corporation ("Alphaeon") and Strathspey Crown Holdings Group, LLC ("SCH"). SCH is a majority shareholder of ALPHAEON."

34. Attached to this Declaration as Exhibit JJ is a true and correct copy of excerpts from AEON Biopharma's SEC Form S-1 Registration Statement, publicly filed with the SEC on September 17, 2021, as obtained from the SEC's online filings and form repository (EDGAR), http://www.sec.gov/edgar.shtml. The Evolus Defendants cite in their motion page 76, where AEON-Biopharma discloses that in the second quarter of 2019, it paid off $25.0 million in debt to Strathspey Crown Holdings by distributing 1,298,701 Evolus shares.

I declare under penalty of perjury that the foregoing is true and correct.

/s/Jonathan Rosenberg_____
Jonathan Rosenberg

Executed on:    January 18, 2022
New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, Declaration of Jonathan Rosenberg, Esq., in Support of the Evolus Defendants' Motion to Dismiss the Amended Complaint was served via E-mail on the following:

THE ROSEN LAW FIRM, P.A.
Sara Fuks
Laurence Rosen
Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: sfuks@rosenlegal.com
        lrosen@rosenlegal.com
        pkim@rosenlegal.com

*Lead Counsel for Plaintiffs*

/s/ Jonathan Rosenberg
Jonathan Rosenberg
jrosenberg@omm.com
Seven Times Square
New York, New York 10036
(212) 326-2000