# EXHIBIT R

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME** | **Inv. No. 337-TA-1145** |

**Order No. 8**

On April 3, 2019, complainant Medytox Inc. ("Medytox") filed a motion to compel

respondent Daewoong Pharmaceuticals Co., Ltd. ("Daewoong") to comply with "Medytox's

First Request for Entry Upon Land for Inspection to Respondents ('Requests for

Inspection'), including Requests 7-11 (Exhibit 1), and Medytox's First Set of Requests for

Documents and Tangible Things to Respondents ('Requests for Production'), including Requests

2, 12-21, 24-26, 34-37 (Exhibit 4), and any of Medytox's Interrogatories to which Respondents

may otherwise object on the basis that the BTX Strain or Strains are not relevant to this

Investigation." Motion Docket No. 1145-5.[1]

On April 15, 2019, respondent Daewoong filed a response in opposition, and on April 22,

2019, respondent Evolus, Inc. ("Evolus") filed a response in opposition. No other response was

filed.[2]

---

[1] On April 4, 2019, Medytox filed an amended motion to compel. Hereinafter, all references to the motion to compel refer to the amended motion to compel.

[2] On April 22, 2019, complainant Medytox filed a motion for leave to file a reply in support of the underlying motion. Motion Docket No. 1145-6. On May 2, 2019, Daewoong filed a response in opposition. Motion No. 1145-6 is granted.

**Background**

On March 22, 2019, each of the respondents responded to Medytox's Requests for Inspection and Requests for Production with across-the-board objections to Strain-related discovery. Mem. at 4-5. Daewoong objected, for example, to Medytox's Request for Production No. 12 (and all others like it) as "irrelevant or not reasonably calculated to lead to the discovery of admissible evidence concerning any issue in this investigation, as outside the scope of the ITC's Notice of Institution of Investigation." Mem. at 5 (citing Ex. 5 at 21). Daewoong further stated that "the Hall-A Hyper Strain is not a trade secret as a matter of law, and therefore the misappropriation of the Strain alleged in the Complaint cannot constitute trade secret misappropriation – the sole claim asserted in the Complaint." Mem. at 5 (citing Ex. 5 at 21-22). Daewoong made this same objection for all documentation and inspections related to its BTX Strain. The Commission Investigative Staff ("Staff") has also requested both documents related to respondents' BTX Strain or Strains in "Staff's First Sets of Requests for Production of Documents and Things to Respondent Daewoong Pharmaceuticals Co., Ltd. (Nos. 1-68)." Mem. at 4 (citing Ex. 9 at 5).

**Discussion**

Commission Rule 210.27(b) provides that, unless otherwise ordered by the administrative law judge, a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the party seeking discovery. 19 C.F.R. § 210.27(b).

The administrative law judge must limit by order the frequency or extent of discovery otherwise allowed by Commission Rule 210.27 if the administrative law judge determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive; or (ii) the burden or

2

expense of the proposed discovery outweighs its likely benefit, considering the needs of the investigation, the importance of the discovery in resolving the issues to be decided by the Commission, and matters of public concern. 19 C.F.R. §§ 210.27(d)(1), 210.27(d)(4).

As discussed below, the administrative law judge finds that the evidence shows that the requested production and inspection is relevant to complainant's claim of unfair acts in importation of botulinum neurotoxin products manufactured using allegedly misappropriated trade secrets. Additionally, the burden does not outweigh the likely benefit of the requested discovery.

Discovery into Daewoong's BTX strains is relevant because the strain is related to the trade secret misappropriation allegations. *See* Order No. 7.

Daewoong argues that discovery into the bacterium places substantial burdens of expense, time and logistics of the discovery and testing. Mem. at 16-21. However, the burden or expense does not outweigh the benefit from the production of the relevant information. The parties are professionals at handling the strains, and any burden on testing would fall on the party receiving the strains.

Medytox states that it has stood ready to negotiate the scope of discovery in accordance with Ground Rule 1.l, yet Daewoong has refused to produce anything at all in response to the discovery requests at issue. Reply at 9.

Evolus argues:

> To the extent Medytox's motion to compel seeks the production of documents regarding the *Clostridium botulinum* ("*C. botulinum*") strain used in the manufacture of the botulinumtoxin in Evolus's JEUVEAU™ product, probotulinumtoxinA-xvfs, Evolus joins Daewoong's opposition to the Motion to Compel. Specifically, Evolus joins the entirety of Daewoong's Opposition Brief and submits that Medytox's Motion to Compel the production of documents regarding the *C. botulinum* strain used to manufacture the botulinumtoxin in its JEUVEAU™ product should be denied.

3

To the extent Medytox's motion to compel seeks the production of samples of the *C. botulinum* strain used to manufacture its JEUVEAU™ product, as well as access to Evolus's equipment or facilities that store such *C. botulinum* for purposes of obtaining samples, Evolus opposes that motion because it is contrary to the Ground Rules and, in any event, is moot—Evolus does not have in its possession, custody, or control any samples of *C. botulimum* or any equipment or facilities that store *C. botulimum*.

Evolus Opp'n at 1.

In view of Evolus's representation, the administrative law judge finds that Medytox's requests with respect to samples and inspection is moot. However, as discussed above, the requested documents are relevant.

Accordingly, Motion No. 1145-5 is granted in part to the extent indicated. Daewoong shall permit inspection for Requests for Inspection Numbers 7-11 by May 15, 2019. Daewoong and Evolus are to produce documents for Requests for Production numbers 2, 12-21, 24-26, 34-37 and respond to the interrogatories at issue[3] by May 14, 2019.

So ordered.

David P. Shaw
Administrative Law Judge

Issued: May 7, 2019

---

[3] These interrogatories are "Medytox's Interrogatories to which Respondents may otherwise object on the basis that the BTX Strain or Strains are not relevant to this Investigation." Mot. at 1-2.

4

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

**INV. NO. 337-TA-1145**

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **Order No. 8** has been served by hand upon the Commission Investigative Attorney, **Brian Koo, Esq.**, and the following parties as indicated, on MAY 0 7 2019

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| **FOR COMPLAINANTS ALLERGAN PLC AND ALLERGAN, INC.:** | |
|---|---|
| Brian Buroker, Esq.<br>**Gibson, Dunn & Crutcher LLP**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5306 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |
| **FOR COMPLAINANT MEDYTOX INC.:** | |
| Nowell D. Bamberger, Esq.<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |
| **FOR RESPONDENT DAEWOONG PHARMACEUTICALS CO., LTD.:** | |
| David F. Nickel, Esq.<br>**Foster, Murphy, Altman & Nickel, PC**<br>1150 18th Street NW, Suite 775<br>Washington, DC 20036 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING
OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

INV. NO. 337-TA-1145

| FOR RESPONDENT EVOLUS, INC.: | |
| --- | --- |
| Nicholas Groombridge, Esq.<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |

2