# EXHIBIT S

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

| |
|---|
| **In the Matter of** |
| |
| **CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME** |

**Inv. No. 337-TA-1145**

**Order No. 23 (Initial Determination)**

On July 16, 2019, complainants Medytox Inc. ("Medytox"), Allergan plc and Allergan, Inc., respondents Daewoong Pharmaceuticals Co. Ltd. ("Daewoong") and Evolus Inc. filed an unopposed motion "request[ing] that the Evidentiary Hearing in this Investigation, currently scheduled for November 5-8, 2019, be reset to a date after January 1, 2020 to accommodate the parties' requested extension of the deadline for submission of expert reports." Motion Docket No. 1145-23.

The movants argued:

> Order No. 8 contemplated that the inspection of Daewoong's facility and disclosure of its *Clostridium botulinum* strain would occur on May 14 and 15, 2019. On Monday, July 8, Medytox and Daewoong submitted a Joint Status Update (the "Update") regarding the implementation of Order No. 8 in this Investigation. The unanticipated intervention of the Korean Ministry of Trade, Industry and Energy ("MOTIE"), as described in the Update, has delayed that inspection and production, and the corresponding inspection of Medytox's facility and production of its strain, by approximately two months. As explained in the Update, the production of samples of the parties' *Clostridium botulinum* strains was expected to occur, and did take place on July 12, 2019. As also described therein, the sampling, testing and sequencing of the strains are expected to take approximately six weeks, after which experts reports will need to be prepared.

> Based on the foregoing, and because the expert reports to be filed in this Investigation will necessarily incorporate the results of the ongoing strain testing, the parties have concluded that it will not be possible to serve expert reports by

August 2, 2019, the date currently contemplated in the Amended Procedural Schedule set in Order No. 9.  The parties have met and conferred, and agree that amending the Procedural Schedule to set a deadline for initial expert reports of September 20, 2019 (an enlargement essentially equivalent to the delay introduced by MOTIE) would be appropriate.

The parties also agree that if the deadline for expert discovery is extended, that will require that the dates for the evidentiary hearing in this case also be reset. If expert reports are made due on September 20, 2019, allowing for a reasonable time to file rebuttal reports and depose experts will result in expert discovery not being complete until, at the earliest, late October – only a short time before the November 5-8, 2019 Evidentiary Hearing.  The parties submit that this constitutes good cause to adjourn the Evidentiary Hearing and extend the Target Date beyond 16-months.

Accordingly, the parties respectfully request that the deadline for service of expert reports be extended from August 2 to September 20, 2019 and that the Evidentiary Hearing be rescheduled to occur at the earliest time that that Your Honor's schedule permits following January 1, 2020.  Upon notice of new hearing and Target dates, the parties are prepared to submit a proposed revised Procedural Schedule within three (3) business days.

Mot. at 1-2 (citations and footnote omitted).

On July 24, 2019, the administrative law judge issued Order No. 19, granting Motion No. 1145-23 in part.  *See* Order No. 19.  The request to set a new deadline for initial expert reports of September 20, 2019, was granted.  In Order No. 19, the undersigned stated that the evidentiary hearing in this investigation will likely take place February 4 – 7, 2020.  Order No. 19 at 2.  The order stated: "Thus, the target date for completion of this investigation will probably be extended to October 6, 2020, which is 19 months after institution of the investigation.  An initial determination extending the target date will be issued as a separate order."  *Id.* at 2 n.1.

As noted above, the private parties requested a hearing date after January 1, 2020.  The undersigned is scheduled to hold a four-day evidentiary hearing in another investigation (Inv. No. 337-TA-1155) on January 14 – 17, 2020.[1]  Thus, the earliest reasonable hearing date for this

---

[1] Additionally, on August 14, 2019, the administrative law judge issued Order No. 21, certifying to the Commission complainants' request for judicial enforcement of a subpoena *duces tecum*

investigation is February 4 – 7, 2020.  *See* Order No. 20 (Amended Procedural Schedule) (Aug. 2, 2019).

Accordingly, it is the initial determination of the administrative law judge that the target date for completion of this investigation shall be extended to October 6, 2020, which is 19 months after institution of the investigation. *See* 19 C.F.R. § 210.51(a)(1).  Thus, the final initial determination on alleged violation of section 337 shall be due on June 5, 2020. *See* 19 C.F.R. § 210.42(a)(1)(i).

Pursuant to 19 C.F.R. § 210.42(h), this initial determination shall become the determination of the Commission unless a party files a petition for review of the initial determination pursuant to 19 C.F.R. § 210.43(a), or the Commission, pursuant to 19 C.F.R. § 210.44, orders on its own motion a review of the initial determination or certain issues contained herein.

_____
David P. Shaw
Administrative Law Judge

Issued: August 16, 2019

issued on June 25, 2019, to non-party Alphaeon Corporation.  It is not known when the discovery at issue may become available.

3

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

INV. NO. 337-TA-1145

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **Order No. 23 (Initial Determination)** has been served by hand upon the Commission Investigative Attorney, **Brian Koo, Esq.**, and the following parties as indicated, on _____ AUG 1 6 2019 _____.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| FOR COMPLAINANTS ALLERGAN PLC AND ALLERGAN, INC.: | |
|---|---|
| Brian Buroker, Esq.<br>**Gibson, Dunn & Crutcher LLP**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5306 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |
| **FOR COMPLAINANT MEDYTOX INC.:** | |
| Nowell D. Bamberger, Esq.<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |
| **FOR RESPONDENT DAEWOONG PHARMACEUTICALS CO., LTD.:** | |
| David F. Nickel, Esq.<br>**Foster, Murphy, Altman & Nickel, PC**<br>1150 18th Street NW, Suite 775<br>Washington, DC 20036 | ( ) Via Hand Delivery<br>(✓) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING
OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

**INV. NO. 337-TA-1145**

| | |
|---|---|
| **FOR RESPONDENT EVOLUS, INC.:** | |
| Nicholas Groombridge, Esq.<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019 | ( ) Via Hand Delivery<br>( ✓ ) Express Delivery<br>( ) Via First Class Mail<br>( ) Other: _____ |

2