# EXHIBIT "G"

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

| |
|---|
| **In the Matter of** |
| **CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME** |

**Inv. No. 337-TA-1145**

### Order No. 1: PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

2. (a) Any information submitted, in prehearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. During the prehearing phase of this investigation, such information whether submitted in writing or in oral testimony shall be disclosed only *in camera* before the Commission or the administrative law judge.

(b) The administrative law judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the administrative law judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they

2

are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain botulinum toxin products, processes for manufacturing or relating to same and certain products containing same, which are the subject of this investigation); (iv) the Commission, the administrative law judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees and Offices, and contract personnel (a) for developing or maintaining the records of this or a related proceeding, or (b) in internal investigations, audits, reviews, and evaluations relating to the programs, personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; and (vi) U.S. government employees and contract personnel, solely for cybersecurity purposes.[1]

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation. The letter shall also include the following acknowledgement:[2]

> I, the undersigned, on behalf of _____, acknowledge that information submitted for purposes of this Investigation may be disclosed to and used:
>
> (i) by the Commission, its employees and Offices, and contract personnel (a) for developing or maintaining the records of this or a related proceeding, or (b) in internal investigations, audits, reviews, and evaluations relating to the programs,

---

[1] *See* Commission Administrative Order 16-01 (Nov. 7, 2015).

[2] *See id.*

personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; or

(ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5. If the Commission or the administrative law judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the administrative law judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. (a) Any confidential business information submitted to the Commission or the administrative law judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto.

4

Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

(b)  Submitters are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Commission to protect your sensitive information from unauthorized disclosure.  The USITC secure drop-box system and the Electronic Document Information System (EDIS) use Federal Information Processing Standards (FIPS) 140-2 cryptographic algorithms to encrypt data in transit.  Submitting your nonpublic documents by a means that does not use these encryption algorithms (such as by email) may subject your firm's nonpublic information to unauthorized disclosure during transmission.  If you choose a non-encrypted method of electronic transmission, the Commission warns you that the risk of such possible unauthorized disclosure is assumed by you and not by the Commission.[3]

7.  The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the administrative law judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.  The Commission, the administrative law judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the administrative law judge.

---

[3] *See id.*

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the administrative law judge that information designated as confidential, is no longer confidential, the Commission, the administrative law judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access of such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to declassify or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the administrative law judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while an investigation is before the administrative law judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the administrative law judge. If the recipient and supplier are unable to concur upon the status of the

subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the administrative law judge who will rule upon the matter. The administrative law judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the administrative law judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the administrative law judge for a ruling. If the investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the administrative law judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such

7

disclosure to the attention of the supplier and the administrative law judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.  Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the administrative law judge concerning the issue of the status of confidential business information.

14.  Upon final termination of this investigation, each party that is subject to this order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.  This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy such material (including electronic media containing such information) in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.  If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

8

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. The Secretary shall serve a copy of this order upon all parties.

18. **Source Code**.    A supplier may designate documents, information, or things as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION," which shall mean litigation material of a supplier or of any non-parties that a supplier is permitted to produce in this investigation that constitutes or contains non-public Source Code.

A.  "Source Code" shall mean source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

B.  Materials designated as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION," shall only be reviewable by SOURCE CODE QUALIFIED PERSONS.  SOURCE CODE QUALIFIED PERSONS include the following: (1) outside litigation counsel as necessarily incident to the litigation of this investigation; (2) personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this investigation; (3) personnel at interpretation/translation service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of

9

this investigation, including without limitation oral interpreters and document translators; (4) the Commission, the administrative law judge, the Commission Investigative Staff, Commission personnel and contract personnel who are acting in the capacity of Commission employees as indicated in paragraph 3 of this Protective Order; (5) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this investigation; and (6) qualified consultants and/or qualified experts in this investigation (under paragraph 11 of the Protective Order in this investigation). Qualified consultants and/or qualified experts may only review CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION after being expressly identified to the supplier as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION. If the receiving party wishes an already identified qualified consultant or qualified expert to receive CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION, it must re-comply with the provisions of paragraph 11 of this Protective Order in this investigation, including allowing the supplier an opportunity to object to this qualified consultant or qualified expert receiving CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION, and identifying the proposed qualified consultant or qualified expert as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION.

   C. Source Code shall be provided with the following additional protections:

     (i) Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

     (ii) Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

10

(iii) Access to Source Code shall be provided on no more than two "stand-alone" computer(s) (*i.e.*, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer). The stand-alone computer(s) shall be kept in a secure location at the offices of the supplier's outside litigation counsel, or at such other location as the supplier and receiving party mutually agree. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s). The supplier shall produce Source Code in computer searchable format on the stand-alone computer(s). The stand-alone computer(s) shall, at the receiving party's request, include reasonable analysis tools appropriate for the type of Source Code. The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the supplier so that the supplier may install such tools on the stand-alone computer. To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records shall not be reviewed, altered, or deleted by the supplier.

(iv) The receiving party shall provide at least three (3) business days' notice to access the source code and make reasonable efforts to restrict its requests for access to the stand-alone secure computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location. Upon reasonable notice from the receiving party, which shall not be less than five (5) business days in advance, the supplier shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing

11

location.  The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the supplier's outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this investigation.  It is expected that access to the Source Code shall be provided at the site of any hearing or trial. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the stand alone secure computer.

(v)   All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a receiving party shall be identified in writing to the supplier at least two (2) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under paragraph 18(B) of this Protective Order.  The supplier shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code on the stand-alone secure computer.  For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the receiving party shall give at least one business day (and at least 24 hours') notice to the supplier of such review.

(vi)  No person other than the supplier may alter, dismantle, disassemble or modify the stand-alone computer in any way, or attempt to circumvent any security feature of the computer.

(vii)  No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computer, except for: (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraphs 18(C)(ix)-(x) of this Protective Order; and  (2) such other uses to which the parties may agree or that the

administrative law judge or the Commission may order. The receiving party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code. "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of an accused product in this investigation. The supplier shall not unreasonably withhold approval and the parties shall meet and confer in good faith to resolve any disputes. The receiving party may take notes on a laptop or other personal electronic device, provided such device does not have a camera, and such notes are treated as Highly Confidential - Attorneys' Eyes Only information under the Protective Order. The supplier may exercise personal supervision from outside the review room over the receiving party when the receiving party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the receiving party, *e.g.*, monitoring the screen of the stand-alone computer, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the receiving party. There will be no video supervision by any supplier.

(viii) Nothing may be removed from the stand-alone computer, either by the receiving party or at the request of the receiving party, except for (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraphs 18(C)(ix)-(x) of this Protective Order; and (2) such other uses to which the parties may agree or that the administrative law judge or the Commission may order.

(ix) At the request of the receiving party, the supplier shall within three (3) business days provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the receiving party believes in good faith are necessary to understand a relevant feature of an accused product. If the supplier objects in any manner to the production of the

13

requested source code (*e.g.*, the request is too voluminous), it shall state its objection within the allotted two (2) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the administrative law judge.

(x)    Hard copy print outs of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the receiving party's outside litigation counsel or SOURCE CODE QUALIFIED PERSONS in a secured locked area. The receiving party may also temporarily keep the print outs at: (1) the Commission for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the print outs (*e.g.*, a hotel prior to a Commission proceeding or deposition). For avoidance of doubt, an access-restricted location within the facilities of outside litigation counsel or a qualified expert, such as a conference room within an access restricted office or a locked drawer or cabinet, shall constitute a secured locked area. The receiving party shall exercise due care in maintaining the security of the print outs at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

1.    The receiving party is permitted to make up to five (5) additional hard copies for use at a deposition. One hard copy of the source code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the

14

exhibit during the deposition in a secured locked area. All other copies shall be destroyed immediately after the deposition is concluded.

2. The receiving party is permitted to make up to five (5) additional hard copies for the Commission in connection with a Commission filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Commission filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION.

3. Electronic copies of Source Code may be made to be included in documents which, pursuant to the Commission's rules, procedures and order(s), may be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any receiving party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the receiving party may maintain reasonable copies of such filings, but shall delete all other electronic copies of Source Code from all receiving party electronic storage devices.

4. The receiving party is permitted to possess up to six (6) CD-ROMs or DVDs that contain an electronic copy of all or any portion of the hard copy print-outs of Source Code provided by the supplier. The receiving party may provide these CD-ROMs or DVDs to qualified consultants or qualified experts, who may use such CD-ROMs or DVDs solely for active review of the Source Code. The receiving party is also permitted to make

15

temporary copies necessarily made in the production of these CD-ROMs or DVDs, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the CD-ROMs or DVDs. The CD-ROMS and DVDs shall not be copied, in whole or in part, under any other circumstances. A receiving party may destroy one or more of the six (6) previously created CD-ROMs or DVDs and create one or more new CD-ROMs or DVDs provided that the total number in possession of the receiving party does not exceed six (6). All CD-ROMs or DVDs shall be destroyed within 5 days after the completion of the investigation, or the supplying party's exit from the investigation, whichever occurs first. The receiving party shall keep and maintain a log of all custodians for all of the CD-ROMs or DVDs as well as the destruction of all such CD-ROMs or DVDs. The viewing of any such CD-ROMs or DVDs shall be done when all network communication functions of the viewer's device are disabled.

5. The supplier shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The receiving party shall make such request at the time of the notice for deposition.

(xi) Nothing in this Protective Order shall be construed to limit how a supplier may maintain material designated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION.

(xii) Outside litigation counsel for the receiving party with custody of CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside litigation

16

counsel for the receiving party will produce, upon request, each such source code log to the supplier within twenty (20) days of the final determination of the investigation.

19.    **No prejudice**.  Paragraph 18 above is without prejudice to any party's rights to propose, request or otherwise move for different provisions relating to source code production in this investigation.


David P. Shaw
Administrative Law Judge


Issued: March 5, 2019

17

**Attachment A**

## NONDISCLOSURE AGREEMENT FOR
## REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in *Certain Botulinum Toxin Products, Processes for Manufacturing or Relating to Same and Certain Products Containing Same*, 337-TA-1145, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

INV. NO. 337-TA-1145

<u>**PUBLIC CERTIFICATE OF SERVICE**</u>

I, Lisa R. Barton, hereby certify that the attached **Order No. 1** has been served by hand upon the Commission Investigative Attorney, **Brian Koo, Esq.**, and the following parties as indicated, on _____ MAR – 6 2019 ____.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| FOR COMPLAINANTS ALLERGAN PLC AND ALLERGAN, INC.: | |
|---|---|
| Brian Buroker, Esq.<br>**Gibson, Dunn & Crutcher LLP**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5306 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |
| **COMPLAINANT:** | |
| Medytox Inc.<br>626 Tehran Road<br>Gangnam, Seoul<br>South Korea | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |
| **FOR RESPONDENT DAEWOONG PHARMACEUTICALS CO., LTD.:** | |
| David F. Nickel, Esq.<br>**Foster, Murphy, Altman & Nickel, PC**<br>1150 18th Street NW, Suite 775<br>Washington, DC 20036 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |

**CERTAIN BOTULINUM TOXIN PRODUCTS, PROCESSES FOR MANUFACTURING OR RELATING TO SAME AND CERTAIN PRODUCTS CONTAINING SAME**

**INV. NO. 337-TA-1145**

| RESPONDENT: | |
| --- | --- |
| Evolus, Inc.<br>17901 Von Karman Avenue, Suite 150<br>Irvine, CA 92614 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |

2